## KELSEY *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS—DISSOLUTION OF INJUNCTION—REVIEW.

Where, upon an application for *mandamus* to compel a circuit judge to vacate an order dissolving an injunction, the return of the respondent fairly indicates that the merits of the question received consideration, the Supreme Court will not be inclined to interfere with his discretion.

*Mandamus* by Eber L. Kelsey to compel Edward D. Kinne, circuit judge, presiding in Wayne county, to vacate an order dissolving an injunction. Submitted February 7, 1899. Writ denied June 28, 1899.

*Moore & Moore,* for relator.

*Humphrey & Grant,* for respondent.

HOOKER, J. A statement, in chronological order, of some of the more important facts upon which the question before us depends, will aid in making the case plain. Charles E. Kelsey was the owner of a lot of lumber. Some of it lay upon docks of the W. & A. McArthur Co., Limited, and some upon premises of the Cheboygan Lumber Company; these concerns having possession of, and liens for sawing upon, the respective portions of the lumber. Kelsey was in debt to others, and on October 15, 1895, executed to the complainant, the Union Trust Com-

pany, as trustee, two chattel mortgages, which were at once filed. The first of these secured three notes in favor of Eber L. Kelsey and Charley L. Kelsey. This mortgage was made subject to certain liens for saw bills and purchase price. The second mortgage secured other claims, including the two liens mentioned. On December 30, 1895, one Bowen, an unsecured creditor of Kelsey, attached this lumber in an action against Charles E. Kelsey. The sheriff, Ming, did not remove it, but put notices of the levy upon it, and put it under surveillance, and at all times claimed possession, until it was replevied from him by Eber L. Kelsey. On April 2, 1896, the complainant sold the lumber upon an alleged foreclosure of the first mortgage, and Eber L. Kelsey purchased it, with full notice of the claim made by the attaching creditor and sheriff. On being refused possession, he replevied it from Ming, the sheriff, and upon the trial he was defeated, and the sheriff recovered a judgment for the amount of the levy, the attachment case having gone to judgment. Upon review in this court, the judgment in the replevin case was reversed. See *Kelsey* v. *Ming*, 118 Mich. 438. From that decision it is evident that the validity of the chattel mortgages was in dispute, and this was held to be a question for the jury. It was also said that, if the first mortgage was valid, it was not extinguished by an irregular sale, but that the purchaser would succeed to the rights of the mortgagee. It was also held that, if the plaintiff had succeeded to the rights of the mortgagee and lienholders, the judgment of the attaching creditor could not be given priority over such claims of the plaintiff without determining their validity, and a judgment for the amount of the claim would not be the proper one.

After the reversal of the replevin case, the Union Trust Company filed a bill in this case in the circuit court for the county of Wayne, the replevin suit being pending in the county of Cheboygan. The bill alleges the various claims of the parties interested, and asks that the validity of the mortgages and liens and the rights of the parties be

determined, and that in the meantime an injunction issue to restrain the defendant Ming from any further proceedings in the replevin case. An order was made allowing such injunction, upon condition that a bond in the sum of $1,500 be filed. This was not complied with, and the writ was not issued upon this order. Eber L. Kelsey was made a defendant, and he filed a cross-bill, setting up substantially the same state of facts alleged in the original bill. This also prayed a similar injunction, and an order like that made upon the original bill was made. This was complied with, and the writ issued. Ming answered, and made a motion to dissolve the injunction, which was granted, as shown by the following order:

"In this case it is ordered that the order for the injunction on the bill and cross-bill is set aside, but without prejudice to the rights of the complainant in the original bill or cross-bill, or either of them, to apply to the judge of the circuit court for the county of Cheboygan, or the judge presiding at that court, for a renewal of said orders, or either of them, and the issue of new injunction or injunctions thereon; this court being of the opinion that each of said applications should have been made to the judge of the circuit court of the county of Cheboygan, or to the judge presiding in said court, and therefore it did not pass upon the merits of the applications for or the issuing of the injunction, or the rights of the parties to such injunction.

[Signed]    "E. D. KINNE,
"Acting Circuit Judge."

The present proceeding is an application for *mandamus* to compel the circuit court, in chancery, to vacate the order dissolving the injunction.

In his return to the order to show cause, the learned circuit judge states that in his answer, which was sworn to, the defendant Ming denies all of the equities in the original bill, and, further, that respondent considered fully the merits of the matter brought before him in the motion to dissolve the injunction, and ordered the injunction to be set aside, but without prejudice to the right of the com-

plainant, or defendant Kelsey, to apply to the circuit
judge of the county of Cheboygan, or the judge presiding
at that court, for a renewal of said orders, or either of
them, and that at the special request of the solicitors for
the complainant in the cross-bill, after the defendant's
solicitors had left the room, he incorporated into the order
this language: "And therefore it did not pass upon the
merits of the applications for or the issuing of the injunc-
tion, or the rights of the parties to such injunction." The
return states further:

"This language was put into said order for the reason
that complainant's solicitors stated that the circuit court
for the county of Cheboygan, upon his application, might
refuse to hear the same on the ground that said applica-
tion was *res adjudicata,* having been passed upon by this
respondent, sitting as one of the judges of the Wayne cir-
cuit court; and that this respondent did not refuse to pass
upon the merits of said motion for dissolution, as stated in
the eighth paragraph of said petition. This respondent
denies that he made any statement that the merits of said
petition had not been considered, and alleges that the
merits of said application were fully considered, but that
he made the statement in said order that they had not
been passed upon for the reasons alleged in the eighth
paragraph of this answer."

It also states:

"This respondent avers that no bond was filed by the
Union Trust Company, as complainant in the original pro-
ceeding, and no injunction was issued in said original
cause, but that, after a full consideration of the merits of
the whole proceeding, he made his order in both the
original and cross actions, for the purpose of setting aside
the order allowing the injunction in the original suit, and
for dissolving the injunction issued in the cross action; and
that he made said order of dissolution after full considera-
tion of the case in the manner aforesaid, and after the
same had been fully argued by counsel for the respective
parties; and that if he had been so requested by Messrs.
Moore & Moore, solicitors for the cross complainant, he
would have immediately decided said motion for the dis-
solution of injunction upon the merits of said case; and
that the only reason that this respondent did not pass upon

the merits in making his order for dissolution was he was specially requested by Messrs. Moore & Moore, solicitors for cross complainant, to make the order in the form in which it now appears; and that said order, a copy of which is attached to the petition in this case, was prepared by Messrs. Moore & Moore, the solicitors for the cross complainant, and this respondent was requested to sign the same in the form in which it was drawn, and without passing upon the merits, so that they would not be concluded by such decision in any application that they might make to the circuit court for the county of Cheboygan in any subsequent proceedings taken by them; and that said order in its present form was made by this respondent for the benefit and protection, and at the urgent request, of Messrs. Moore & Moore, solicitors for the cross complainant in said action."

The order, as explained by the return of respondent, indicates that the learned circuit judge, in the exercise of his lawful discretion, dissolved this injunction, but that he endeavored to so frame his order as not to preclude the complainant, or defendant Kelsey, from taking steps to procure another injunction in Cheboygan county, where the property was situated and defendant Ming resides. We cannot suppose that he meant to indicate the opinion that an application could be made before the Cheboygan court in this proceeding, as counsel appear to claim, and his answer indicates the contrary. Counsel urge that the respondent should have passed on Mr. Kelsey's right to this injunction, and that, not having done so, his order should be vacated. Counsel say, in a letter accompanying the brief:

"It is obvious that, should this court merely pass upon our right to have the injunction heard on its merits in the Wayne circuit court, we should regard an adverse decision in the Wayne circuit court as error, and immediately ask this court to determine whether or not the case was one for equitable interference. It seems to us, therefore, that the court will be able to determine our right to the injunction in this hearing, and obviate the necessity of repeating our application to the Supreme Court."

From this we infer that counsel assume that we would

review the order dissolving this injunction on the merits. We have very rarely interfered with the discretion of a circuit judge upon the granting or dissolving of injunctions, when he has passed upon the merits. We have so often declined to consider the merits of such applications that we do not repeat the discussion of the cases here. See McGrath, Mand. Cas. Nos. 810, 814–850. But, as will be seen from some of these decisions, we do vacate orders granting injunctions where they are clearly in direct violation of law, and should an officer refuse to hear or pass upon the merits of an application, whether from an admitted misconception of law or otherwise, we might require him to consider and pass upon them. But that is not this case. We think the return shows that the merits of this question were considered. The application is therefore denied.

The other Justices concurred.