GRAND UNION TEA CO. *v.* DODDS.

1. INJUNCTION—MASTER AND SERVANT—INJURY TO BUSINESS—UNFAIR COMPETITION—FRAUD.

Complainant, a corporation, is engaged in the business of selling teas, coffees, spices, etc., in the city of Detroit, by means of wagons and drivers, which go to all parts of the city. The drivers secure orders for future delivery, deliver goods already ordered, collect therefor, and retain 20 per cent. as compensation. They secure the customers themselves except that they are assisted by general canvassers of the company. Each driver keeps a list of the customers on his route and calls on them regularly. Defendant was a driver on one of these routes, and, while still employed by complainant, agreed with a competing firm to leave complainant's employ and transfer his services, together with his route and customers, to such competitor. When he turned in his order cards to complainant he had erased the names of the old customers, and neglected to turn in the names of new ones. The order

card is the only record which complainant has of its customers and patrons. In a suit to perpetually enjoin defendant from using such lists of customers and canvassing on such routes, it was *held*, that the routes and lists were valuable assets of complainant, and that he should be required to furnish complainant with lists of the customers which he fraudulently withheld; also that defendant be restrained from using such lists or copies of such, or giving or showing them to others.

2. SAME — UNFAIR COMPETITION — INJUNCTION — RESTRAINT OF TRADE.

Defendant will not be restrained from selling his commodities, for himself or his employer, in any part of the city, or to any person, so long as he does not use any property belonging to complainant, or copies thereof that were surreptitiously made.

3. COSTS—DECREE MODIFIED.

Where defendant comes to this court apparently questioning the whole decree, he should not be given costs of this court, although the decree is modified slightly in his behalf.

Appeal from Wayne; Murfin, J. Submitted November 28, 1910. (Docket No. 43.) Decided December 22, 1910.

Bill by the Grand Union Tea Company against Charles Dodds for an injunction and other relief. From a decree for complainant, defendant appeals. Modified and affirmed.

*William G. Fitzpatrick* (*M. Hubert O'Brien*, of counsel), for complainant.

*Frank C.* and *O. J. Golden* (*Clyde I. Webster*, of counsel), for defendant.

HOOKER, J. There is but little dispute about the facts in this case. According to the complainant's brief, the complainant is a retailer of teas, etc., in Detroit, and does business by the following method: It is the owner of horses and wagons, and these are put in charge of men selected for the purpose. Each man has a route for each day of the week, and he calls upon patrons once a

week, and also obtains new patrons upon these routes, where he can do so. He delivers the goods upon orders taken the preceding week, and takes orders for delivery a week later. These men are expected to collect for the goods when delivered, and on their return from the trip must turn in 80 per cent. of the price of the goods delivered, and return the undelivered. They retain 20 per cent. for their compensation. The orders taken are upon blanks furnished them; the name and address of the purchaser and the description of goods ordered are required to be written thereon. It will be observed that the effect of this method of doing business is the establishment of business routes, which are valuable assets of the business, and the plaintiff claims to be the owner of these and the orders and lists of purchasers, which the drivers make or have, upon the blanks furnished for their use.

About October 1, 1906, defendant engaged with the complainant as such driver, taking the place of one Kramer. He rode with Kramer five days, and at the end of this time Kramer turned over the orders taken to defendant, who was to and did deliver them the following week. Defendant continued with the complainant until May 31, 1909, and on the following day commenced work for a competitor, which did a similar business in the same way. Defendant had contemplated this change for some months, and some days before ceasing work for complainant had agreed with his new employer to make the change and promised to bring the former patrons of his routes with him, so far as he could, and agreed that he would continue to solicit them thereafter. Accordingly, and in furtherance of this plan, he announced to them during the last week of his work for complainant, that he was going to work for another company, and he obtained the consent from many of them to allow him to have the orders filled by his new employer. Before turning over his cards to complainant, on May 31st, he erased all names of customers from the cards and concealed from complainant the names of others by not putting them on

the cards. He continued thereafter to work the same routes, and to solicit the same customers for his new employer.

The defendant's understanding of the case differs somewhat from the foregoing statement. He admits that when he began work for complainant, he received the list of patrons from complainant, that by his own industry, and with the aid of the complainant's general canvassers, the list was increased, while he worked for it. He claims that in the morning, he was wont to receive a quantity of goods from complainant, that they were charged to him, and that from these he filled his orders of the previous week, returning the remainder of the goods and 80 per. cent. of the price of the goods not returned, regardless of whether he had collected so much or not. In other words, if he sold on credit it was necessary that he pay for the goods himself on his return; settlements being made every evening. He admits that the horse and vehicle were furnished by the complainant. Apparently he does not deny that he retained the orders when he quit, and that he erased, or entered by secret marks unintelligible to complainant, the names of the customers, but he asserts that there were no business relations between the complainant and the patrons, claiming that the routes and business were his, and that these routes were purchased by him for $12 from the complainant's local manager. No denial seems to be made to the charge that, by arrangement with complainant's competitor, the latter was to reap the harvest from complainant's sowing, according to the questionable agreement made by it and defendant. He contends: (1) That complainant had no ownership of the routes or lists; (2) that if it did own them, equity should not interfere by injunction.

The cause was heard on pleadings and proofs and a decree rendered for the complainant, from which defendant has appealed.

At the oral argument and in their supplemental brief, counsel say:

" And right here we would like to call the attention of the court again, as we did at the argument—that there are many things in this decree that we do not complain of at all. We simply complain of the one proposition and that is, that this defendant cannot be restrained from soliciting or selling these people goods so long as he does so in an open and fair manner. If he makes any misrepresentations, he can be restrained from making them further. If he uses any lists that belong to the complainant or makes copies thereof and uses the copies, he can be compelled to turn these back—to stop using them."

We are of the opinion that the testimony clearly shows that the routes and lists were valuable assets of the complainant and that defendant had no right to either. Had he not by fraudulent disobedience of his instructions rendered the orders unintelligible and practically useless to the complainant, and withheld the orders taken during the last week, complainant could have placed new or other men upon the routes and the business would have gone along as it did when defendant took the place of his predecessor. His unfair manipulation enabled him to carry out his collusive agreement, whereby his new employer was to be enabled to practically acquire these routes, without expense.

For the injury shown, arising out of the immediate loss, complainant has recovered damage in this case. We think it is entitled to a decree affirming the decree of the circuit court in this respect, and that defendant shall supply it with a list of the patrons of the route which he concealed, and that he be perpetually enjoined from using any list or copy of list which has been made or retained, or giving or showing them to others.

We are of the opinion, however, that he cannot be restrained from selling his commodities, for himself or for any employer, in any part of the city, or to any person, so long as he does not use any property belonging to the complainant, or copies thereof that were surreptitiously made. So far we think ourselves well within equity jurisdiction, on general principles. The statute precludes an

injunction restraining defendant from soliciting any one to purchase his wares, notwithstanding he may remember that they were his patrons while he was employed by the complainant. See *Grand Union Tea Co.* v. *Lewitsky,* 153 Mich. 244 (116 N. W. 1090).

We cannot sustain defendant's contention that the case last cited is inconsistent with all of complainant's claims. The question that was decided in that case seems to have been confined to the validity of the written contract made by the parties. From the cursory examination of the bill in that case we are impressed that it would have been held sufficient to warrant relief similar to that given by this opinion, had the case turned on that question. Whether we are right on this estimate of the sufficiency of that bill we need not determine. We cannot consider the case controlling on the bare fact that the bill was dismissed, inasmuch as no attention appears to have been given to the point involved here.

The decree of the circuit court was correct in all things, except as it prohibits and restrains the defendant, his agents, servants, etc., from calling upon and canvassing, soliciting, accepting or filling orders for goods similar to those carried by the complainant from those who were his former patrons, while he was employed by the complainant. With this modification the decree is affirmed.

As the defendant has neither performed nor offered to perform any part of the decree below, except the requirement that he deliver a list of customers to complainant, so far as we can learn from the record, and has come here apparently questioning the whole decree, he should not be given costs of this court. Neither party will recover costs in this court. Complainant is of course entitled to costs in the circuit court, under the decree of that court.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.