FEDERAL LAUNDRY CO. v. ZIMMERMAN.

Injunction — Trade Secrets — Former Employee Will Not be Restrained from Soliciting for Competitor Where Not Using Trade Secrets Obtained from Employer.

Equity will not restrain the driver of a laundry wagon, who had been working on a certain route on salary and commission, and who had severed his relations with his former employer, from working in said territory for a competitor, where he does not use any trade secrets or list of customers furnished by his former employer, but the business produced was largely the result of his own industry, and the provisions of Act No. 171, Pub. Acts 1917, are not involved.

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted January 25, 1922. (Docket No. 139.) Decided March 30, 1922.

Bill by the Federal Laundry Company against William H. Zimmerman for an injunction. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Sidney E. Doyle* (*William G. Fitzpatrick*, of counsel), for plaintiff.

*Edward Pokorny*, for defendant.

FELLOWS, C. J. The plaintiff was organized by the consolidation of several laundry companies. Defendant was in its employ from its organization until January 15, 1921. He had worked for the predecessors of plaintiff. He was employed by plaintiff as a driver and had as his territory route 8. He collected the soiled clothes from customers and from agencies of plaintiff located in his territory, brought the packages to the laundry and returned the laundered articles, and collected and turned in the pay for the work. He solicited business and was notified and given the business of all persons in his territory who by telephone, through solicitors sent out by plaintiff, or otherwise requested plaintiff to do their work. He was paid a salary and commission on the business in his territory. Each parcel brought in by him had a slip provided in blank by the company which was filled out and attached to the package, giving the name and address of the customer. From this and other sources a list of the customers in his route was made up by plaintiff. Plaintiff also had a "master route book" made up of all the routes. These lists were kept secret by plaintiff and are a valuable asset.

On January 15, 1921, defendant quit the employ of the plaintiff and accepted employment with one of plaintiff's competitors. Shortly thereafter this bill was filed seeking to restrain defendant from calling for or delivering laundered or unlaundered goods of plaintiff's customers in route 8 or from soliciting

patronage for his new employer in that territory or from divulging to plaintiff's rival in business information gained by defendant from plaintiff's route lists. The case was promptly tried on its merits and the bill was dismissed.

The testimony does not establish that plaintiff furnished defendant a list of the customers on his route or that defendant obtained or had a copy of the route list made by plaintiff of route 8, or that defendant had any knowledge that a master route book existed. When defendant commenced to work on route 8 the business there was small. At the time the parties severed their relations the route furnished several hundred dollars' worth of business weekly. The testimony fairly discloses that this was due to the character of plaintiff's work, combined with the personality of the driver and his success in soliciting and keeping business. Plaintiff's counsel contends for the broad doctrine that the plaintiff having taken all necessary precautions to keep its lists secret, and the defendant having obtained information as to whom plaintiff's customers were through his employment, such information so received was a trade secret of great value to plaintiff, was, in fact, property of great value which may and should be protected by the injunction of a court of equity. Plaintiff's counsel can not contend, and we do not understand him to contend, that this court has not spoken on the question here involved in the case to which we shall presently refer. He has shown great diligence in bringing to our attention cases from other jurisdictions which sustain his contention, and he insists that the great weight of authority supports his claim and that we should overrule or at least modify our former holding. On the other hand defendant's counsel calls our attention to holdings from other States in accordance with our holding; other cases are to be found along the

same line. We shall not discuss the authorities from other jurisdictions as we are satisfied that the question is foreclosed in this jurisdiction and unless we disregard the doctrine of *stare decisis* the decree must be affirmed.

In the case of *Grand Union Tea Co.* v. *Dodds,* 164 Mich. 50 (31 L. R. A. [N. S.] 260), the method of doing business was quite similar to that employed in the instant case. This court there recognized the property right of the employer in his lists of customers which had been given to and used by the employee, and inhibited by injunction the use thereof or the use of a copy surreptitiously obtained by the employee for the benefit of a competitor and required the employee to furnish the employer with lists he had withheld. But upon the question here involved we declined to restrain the defendant from earning a living by soliciting business from his former employer's customers. Mr. Justice HOOKER, who wrote for the court, said:

"We are of the opinion, however, that he cannot be restrained from selling his commodities, for himself or for any employer, in any part of the city, or to any person, so long as he does not use any property belonging to the complainant, or copies thereof that were surreptitiously made."

The relief here sought is the relief denied in the *Dodds Case.* The cases can not be distinguished. Unless we overrule that case plaintiff is not entitled to the decree here asked. We are not disposed to overrule it. We think it sound in principle, and that it protects the property rights of the employer without destroying the right of the employee to pursue a lawful occupation.

We are not here dealing with a contract made pursuant to the provisions of Act No. 171, Pub. Acts 1917,

as the defendant in the instant case declined to enter into such a contract.

The decree of the court below will be affirmed, with costs to defendant.

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.