## NAN A. BOONE v. ERNEST G. KRIEG.[1]

June 8, 1923.

No. 23,453.

**No injunction against former employe soliciting business from employer's customers.**

The defendant, an employe of the plaintiff for many years, left such employment, engaged in a similar business for himself, and solicited the patronage of the customers of the plaintiff. There was no trade secret or secret processes involved in the plaintiff's business, nor was there any peculiar trust or confidence between the plaintiff and the defendant. The defendant, while employed by the plaintiff, learned the business and became acquainted personally and in a business way with the plaintiff's customers. There was no negative covenant in the contract of employment, nor was there an agreement implied in fact from the circumstances, that the defendant would not establish a competitive business. *Held,* that the court was right in refusing to enjoin the defendant from soliciting the patronage of the plaintiff's customers.

Action in the district court for Hennepin county to restrain defendant from soliciting plaintiff's customers or from using lists of their names. From an order, Molyneaux, J., denying her motion for a temporary injunction, plaintiff appealed. Affirmed.

*Trafford N. Jayne,* for appellant.

*Tracy J. Peycke* and *Hoke, Krause & Faegre,* for respondent.

DIBELL, J.

The plaintiff appeals from an order denying her motion for a temporary injunction.

The plaintiff for many years has been engaged in the business of multigraphing letters and advertising material, addressing letters and other similar work in Minneapolis, and has built up a lucrative business. For eight years the defendant, now a young man of 23, was employed by the plaintiff on a week to week con-

[1] Reported in 194 N. W. 92.

tract. He was a faithful employe, valuable to the business, and became acquainted with the customers of the plaintiff with whom he came into personal contact in the conduct of the business and his' solicitation of work. He severed his connection with the plaintiff on December 2, 1922, giving her eight days' notice. He at once engaged in a similar business on his own account, entered into active competition with the plaintiff and solicited her former customers. The purpose of the injunction is to prevent him from soliciting or dealing with such customers or making use of lists of them which it is alleged that he copied before leaving his employment.

There was in plaintiff's contract no covenant against entering into a like business. There was no contract of like effect implied in fact from the circumstances of the case. There was no peculiarly confidential relation between the parties. Necessarily the defendant learned the business when in the service of the plaintiff, and obtained a personal and business acquaintance with her customers. No trade secret was involved. The business was not one involving secret processes. No secret information was confidentially communicated to him. The use of a secret in trade may of course be enjoined. Elaterite Paint & Mnfg. Co. v. S. E. Frost Co. 105 Minn. 239, 117 N. W. 388. The case is the ordinary one where an employe leaves his employment to better himself, engages in a like business, and seeks the patronage of his former employer's customers. Such conduct may seem unfair to the employer. The employe may conduct his new business in a way that is vexing. In the ordinary case, however, such conduct is not cognizable by the law as the basis for an injunction. No fraud was practiced. No misrepresentations were made. It was merely competition to which the plaintiff must submit. From the standpoint of an .employer it may seem unjust that a faithful employe for a number of years, who has learned the business and become almost a part of it, shall leave and engage for himself in a competitive business; but the employer has no right to his continuance in service, no right to control his activities, no just objection that he engage competitively in a like business and make a career for himself, nor a right to the continued

patronage of former patrons. The employe has as much right to start a new business and endeavor to establish it as had his employer to start his business which has become established.

In this connection we note the following cases: American Specialty Co. v. Collis Co. 235 Fed. 929; Peerless Pattern Co. v. Pictorial Review Co. 147 App. Div. 715, 132 N. Y. Supp. 37; New York Towel Supply Co. v. Lally, 162 N. Y. Supp. 247; Stein v. National Life Assn. 105 Ga. 821, 32 S. E. 615, 46 L. R. A. 150.

The cases dealing with solicitors for merchants or others on established routes which become on asset of the business, who leave the service and go into the employment of a competitor in a like business, making use of the list of patrons of their former employer, need not be discussed. See Grand Union Tea Co. v. Dodds, 164 Mich. 50, 128 N. W. 1090, 31 L. R. A. (N. S.) 260; Empire Steam Laundry Co. v. Lozier, 165 Cal. 95, 130 Pac. 1180, 44 L. R. A. (N. S.) 1159, Ann. Cas. 1914C, 628; notes 44 L. R. A. (N. S.) 1160; 35 L. R. A. (N. S.) 119; 31 L. R. A. (N. S.) 249; 20 L. R. A. (N. S.) 933; 12 L. R. A. (N. S.) 102. The defendant denies that he copied lists of plaintiff's customers. This is to be taken as true on this appeal. He is making use of the knowledge of the business which he acquired in his former employment, and he proposes competing for the patronage of the plaintiff's customers. This he may do.

Order affirmed.