C. F. BURGER CREAMERY CO. *v.* DEWEERDT.

1. STATUTES—CONSTRUCTION—"ANOTHER"—UNFAIR COMPETITION—
AGREEMENT NOT TO ENGAGE IN BUSINESS.

Word "another," as used in statute declaring valid agreement
whereby employee agreed with employer not to perform similar
services for another engaged in like or competing line of work,
is construed to mean any person different and distinct from
parties to said contract, and therefore employee could engage
in such business for himself notwithstanding his agreement not
to do so, but not for competitor of former employer (Act
No. 171, Pub. Acts 1917, amending Act No. 329, Pub. Acts
1905 [3 Comp. Laws 1929, § 16672]).

2. INJUNCTION—DAMAGES.

Employee illegally restrained by his former employer from en-
gaging in business for himself is entitled to dismissal of in-
junction suit, and, under his cross-bill, to decree for damages
for loss to his business.

NORTH, FEAD, and BUTZEL, JJ., dissenting.

Appeal from Wayne; Searl (Kelly S.), J., presid-
ing. Submitted January 31, 1933. (Docket No. 154,
Calendar No. 36,944.) Decided June 5, 1933. Re-
hearing denied August 29, 1933.

Bill by C. F. Burger Creamery Company, a Mich-
igan corporation, against Camille Deweerdt to re-
strain dealing with customers on route list used in
plaintiff's employ. Cross-bill for damages. Decree
for plaintiff. Defendant appeals. Reversed and re-
manded.

*Burger & Sullivan,* for plaintiff.

*Benjamin B. Gordon,* for defendant.

McDONALD, C. J. The plaintiff is a dealer in milk,
cream, and other dairy products in the city of De-
troit. It owns and operates motor trucks for daily
delivery of its products to customers. The drivers

of the trucks are furnished with a route list containing the names and addresses of customers and their daily requirements. They are required to collect for the products delivered, to pay the money to their employer, return unsold merchandise, and to solicit new business. They receive a weekly salary plus a commission, and are paid for new customers added to their route.

On June 5, 1930, the defendant was engaged as a driver and entered into an employment contract, the applicable paragraphs of which read as follows:

"11. It is further agreed between the said employer and employee, that said employee shall not at any time while he is in the employ of the said employer, or within 90 days after leaving its service, for himself, or any other person, persons or company, call for and deliver milk or cream to any person or persons who have been customers of said employer, and supplied by said employee during any time he may have been employed under this contract, nor will said employee in any way directly or indirectly solicit, divert or take away, or attempt to solicit, divert or take away any of the customers or patronage of said patrons within said 90 days.

"12. It is further agreed between the said employer and employee, that as hereinbefore set forth the said employer herewith furnishes to said employee a list of the customers or patrons, commonly called a route list, within certain territory in which said employee is to work, and that in consideration of the furnishing of said route list or names of customers the said employee agrees not to perform similar services in such territory for himself or any other person, or company, engaged in a like or competing line of business, for a period of 90 days after the termination of this agreement of service."

Under this contract he continued in the plaintiff's service until about October 1, 1931, at which time he

voluntarily quit and went into business for himself, using the plaintiff's route and delivering milk to its customers. On the 5th day of October, 1931, the plaintiff instituted this suit to restrain him from dealing with its customers on the route list he had used when in its employ. On the hearing he was permanently restrained by decree of the court. From this decree he has appealed.

The defendant breached his employment contract by engaging in business for himself on the plaintiff's route within 90 days after his employment ceased, but he contends that the contract in that respect is void under Act No. 329, Pub. Acts 1905, 3 Comp. Laws 1929, § 16667, which reads:

"All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession, or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void."

The plaintiff contends that the contract is valid under 3 Comp. Laws 1929, § 16672, which provides that the provisions of the original act of 1905 shall not apply:

"To any contract of employment under which the employer furnishes or discloses to the employee a list of customers or patrons, commonly called a route list, within certain territory in which such employee is to work, in which contract the employee agrees not to perform similar services in such territory for another engaged in a like or competing line of business for a period of 90 days after the termination of such contract or services."

The route lists belonged to the plaintiff. They were valuable assets. Under the original act of 1905, an employee had no right to use them either

for himself or for any other person by whom he might be subsequently employed. But unless he used the route lists, he had the right to sell his own commodities or the commodities of another person to his former employer's customers. *Grand Union Tea Co.* v. *Dodds,* 164 Mich. 50; *Federal Laundry Co.* v. *Zimmerman,* 218 Mich. 211.

The original act was amended in 1917 by Act No. 171, being the section 16672, 3 Comp. Laws 1929, above quoted.

This amendment places a limitation on the right of an employee to solicit business from his former employer's customers. He may do so for himself, but not for a competitor of his former employer if he has agreed to the contrary.

In the instant case, when the defendant quit the plaintiff's service, he became an independent dealer. He sold and delivered his own products. He solicited business from his former employer's customers, which he had a legal right to do notwithstanding his agreement, unless the plaintiff is right in its interpretation of the word "another," as used in the 1917 amendment. As we have said, the amendment declares an agreement to be valid wherein an employee agrees "not to perform similar services in such territory for another engaged in a like or competing line of business." The plaintiff interprets the word "another" to mean any other than the employer. This interpretation would include in the word "another" the employee himself. On this interpretation the plaintiff rests its right to injunctive relief. In view of the plain meaning of the language of the statute, we cannot agree to such an interpretation. The word "another" is well understood by people generally, and we may assume that the legislature used it in its ordinary sense. As used in the statute it means a person different and distinct from

the two parties to the contract. The original act declared "illegal and void" an agreement by which an employee was denied the right to make a living for himself by engaging in any lawful business. Such an agreement was against public policy. If the legislature of 1917 had intended to make a radical change in the law in that respect, it is fair to assume that it would have used language appropriate to effectuate that purpose. Giving to the language of the amendment its ordinary, well-understood meaning, we must hold that the legislature did not intend to prevent an employee from going into business for himself.

The defendant filed a cross-bill, in which he claimed damages for loss to his business. In view of the trial court's interpretation of the statute, this claim was not considered. A decree will be entered dismissing the plaintiff's bill of complaint and remanding the cause for determination of damages and for the entry of a decree in accordance therewith.

The defendant will have costs.

CLARK, POTTER, SHARPE, and WIEST, JJ., concurred with McDONALD, C. J.

FEAD, J. (*dissenting*). Section 16672, 3 Comp. Laws 1929, was designed to permit employers to protect themselves, by contract, against unfair appropriation of the valuable asset of a route list of customers by an employee. Construed in accordance with the obvious purpose of the section, the word "another" must be construed as another than the protected employer, and would include the employee himself.

Decree should be affirmed, with costs.

NORTH and BUTZEL, JJ., concurred with FEAD, J.