NISSENBAUM *v.* PIKSTEIN.

INJUNCTION—TEMPORARY—ABUSE OF DISCRETION—EQUITY.

> Record *held,* to show that denial of temporary injunction restraining action at law by former employee against partnership engaged in laundry business to recover deposit given as security for collections was not inequitable nor a gross abuse of discretion.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 9, 1934. (Calendar No. 37,306.) Decided March 6, 1934.

Bill by Isaak Nissenbaum and others, copartners, doing business as High Grade Laundry Company, against Morris Pikstein to restrain dealing with former customers on route list and further prosecution of action at law and for other relief. From order denying temporary injunction as to action at law, plaintiffs appeal. Affirmed.

*Milton M. Maddin,* for plaintiffs.

*Bernstein & Bernstein,* for defendant.

BUSHNELL, J. This is an appeal by plaintiffs from an order entered by the circuit court on April 20, 1933, temporarily restraining defendant, formerly a laundry route driver, canvasser and collector for plaintiffs, from (a) disclosing a list of customers' names to any one other than plaintiffs; (b) soliciting former customers; (c) disposing of a laundry route list; and (d) "engaging in the laundry business or acting in aid of such business as employer, employee,

stockholder or otherwise" within a certain territory; but denying plaintiffs' petition to restrain an action at law in the common pleas court for the city of Detroit, pending between the same parties, and pertaining to a part of the subject-matter in plaintiffs' bill of complaint. On appeal, plaintiffs contend the lower court erred in refusing to restrain the common pleas action.

Plaintiffs' claimed right to injunctive relief is founded upon an alleged breach of a contract not to engage in the laundry business for a period of 90 days following the termination of defendant's employment. We granted leave to appeal on May 16, 1933, conditioned upon the filing of a stay bond in the sum of $1,000. Since then we have filed an opinion in the case of *C. F. Burger Creamery Co.* v. *Deweerdt*, 263 Mich. 366, in which we held that, under 3 Comp. Laws 1929, §§ 16667, 16672, a similar agreement was void and against public policy. We make no finding on the applicability of the decision to the instant case at the present time but cite it for the consideration of the lower court on its final hearing on the bill of complaint.

Defendant apparently had no serious objection to the injunction as issued; his answer denied that he was breaching his contract and alleged that he was unemployed. Plaintiffs contend, however, that the law action should have been enjoined, though it was instituted eight days before the filing of the bill of complaint.

We are aware that, had plaintiffs' petition been granted in its entirety, the whole matter could have been disposed of in pursuance of the bill's request for an accounting. We have rarely interfered with the discretion of the trial court in granting or dissolving an interlocutory injunction, however, and

then only upon a showing of palpable abuse thereof. *Flemming* v. *Heffner & Flemming,* 263 Mich. 561.

The defendant's statement of claim, attached to his common pleas summons and declaration, credits plaintiffs with the amounts charged in their bill for accounting, except for some unknown and unspecified amounts claimed to have been misappropriated by defendant. The action was instituted to recover $300 deposited with plaintiffs as security for his accounting to them for the proceeds of his collections.

An examination of the record discloses no gross abuse of discretion nor violation of any rule of equity on the part of the circuit judge. *Kelsey* v. *Wayne Circuit Judge,* 120 Mich. 457; *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242; *Freeman* v. *Mitchell,* 198 Mich. 207; *Meccano, Ltd.,* v. *John Wanamaker,* 253 U. S. 136, 141 (40 Sup. Ct. 463). See, also, *Munz Spralawn Corp.* v. *White Chapel Memorial Ass'n,* 265 Mich. 66.

The order of the trial court is affirmed, with costs to the appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.