JEWEL TEA CO., Appellant, v. GRISSOM, et al, Respondents

(279 N. W. 544)

(File No. 8093. Opinion filed May 6, 1938.)

*Hayes & Hayes,* of Deadwood, for Appellant.
*T. B. Thorson,* of Rapid City, for Respondents.

ROBERTS, P. J. Plaintiff brought this action seeking to restrain defendants from soliciting on an established route in Lawrence and Meade counties customers known to defendants by reason of their former employment with the plaintiff. Plaintiff appeals from an order sustaining a demurrer to the complaint.

The allegations of the complaint, so far as it is necessary to recite them, are in substance as follows: The plaintiff is a corporation engaged in the business of selling at retail teas, coffees, baking powder, spices, and other products; that its business is conducted by soliciting consumers and making deliveries at stated and fixed intervals; that on September 11, 1933, plaintiff began the establishment of a route in Meade and Lawrence counties and has a large number of customers whose trade and patronage were secured by much effort and expenditure of money; that defendants while in the employment of the plaintiff acquired knowledge of and access to the customers on this route; that within a few months after leaving their employment defendants entered into the business of selling teas and other products in competition with the plaintiff; that defendants placed with the plaintiff's customers the same type of order blanks as used by the plaintiff and arranged their schedule of soliciting and conducted their business with the design and purpose of destroying the established trade and good will of the plaintiff; and that if the defendants are permitted to solicit the patronage of such customers great and irrevocable injury will be sustained by the plaintiff.

There was no agreement between the plaintiff and the defendants against entering into a like business. Plaintiff concedes that it must meet competition wherever it may seek to establish its trade, but contends that an employee who learns the names and address of his employer's customers and has gained an influence with them by reason of his employment should be enjoined from using such information or exercising such influence for his own benefit after the termination of his employment .

■ It seems to be well settled that in the absence of a contract an employer may maintain an action to restrain an employee from divulging trade secrets and processes and from using, in soliciting the customers of his former employer, lists of customers, copies of business records, or the like, which he obtained by virtue of his employment. The theory is that equity has jurisdiction to restrain misuse of property belonging to the former employer.

■ Counsel contend that the right to relief by injunction exists to restrain the use of lists of customers, whether in writing or in the memory of the former employer.

The case of Empire Steam Laundry v. Lozier, 165 Cal. 95, 130 P. 1180, 44 L. R. A., N. S., 1159, Ann. Cas. 1914C, 628, and subsequent cases in California are cited in support of plaintiff's contention. The facts in controversy between the parties in that case were that the defendant left the employment of the plaintiff, a laundry company, and commenced to solicit the customers of the plaintiff along the route on which he had been previously employed. The court held that knowledge so acquired is in the nature of a trade secret or confidential communication, and that the plaintiff was entitled to an injunction restraining the defendant from soliciting persons who were customers of the plaintiff along the route assigned to him by the plaintiff. In Pasadena Ice Co. v. Reeder, 206 Cal. 697, 275 P. 944, 946, 276 P. 995, that court reviewed its former decisions and reaffirmed its holdings in the Empire Steam Laundry Case. The court quotes with approval the following language from the case of People's Coat, Apron & Towel Supply Co. v. Light, 171 App. Div. 671, 157 N. Y. S. 15: "There is no evidence that Light had a written list of them [the plaintiff's customers]. There was in his head what was equivalent. They were on routes, in streets and at numbers revealed to him through his service with plaintiff. Their faces were familiar to him and their identity known because of such employment. He had entry and introduction, and solicited them, not as strangers, but as persons known to him. He used what he had gained through plaintiff to take away its customers."

In the majority of the cases which have passed on the question a contrary view is expressed. The conflicting views of the courts are pointed out in annotations in 23 A. L. R. 423, 34 A. L. R. 399, and 54 A. L. R. 350.

The facts in Grand Union Tea Co. v. Dodds, 164 Mich. 50, 128 N. W. 1090, 31 L. R. A., N. S., 260, are similar to those in the instant case. An employee of a retailer of teas sought to take with him and secure the patronage of the list of patrons of his employer. The trial court granted an injunction enjoining him from using any list or copy of list which he had made or possessed, and from further soliciting the customers of the plaintiff. On appeal the court affirmed the decisions as to the use of the lists, but modified it in so far as it prohibited and restrained the defendant from soliciting business from those who were patrons of his former employer. This case was followed in Federal Laundry Co. v. Zimmerman, 218 Mich. 211, 187 N. W. 335, wherein the court held that the defendant could not be restrained from soliciting for a rival laundry so long as he did not use any records belonging to his former employer or copies thereof that were surreptitiously made.

The Supreme Court of Kansas in the case of Garst v. Scott, 114 Kan. 676, 220 P. 277, 278, 34 A. L. R. 395, denying injunctive relief, said: "A person who leaves the employment of another has the right to take with him all the skill he has acquired, all the knowledge that he has obtained, and all the information that he has received, so long as nothing is taken that is the property of the employer. Trade secrets are the property of the employer, and cannot be taken or used by the employe for his own benefit, but customers are not trade secrets. They are not property. The right to trade with them may be property, but that right was not interfered with by the defendant. Written lists of customers may be property, but the defendant did not take any such list. Skill and knowledge acquired or information obtained cannot be left behind so long as those things exist within the mind of the employe. All that knowledge, skill, and information, except trade secrets, become a part of his equipment for the transaction of any business in which he may engage, just the same as any part of the skill, knowledge, information, or education that was received by him before entering upon the employment. Those things cannot be taken from him, although he may forego them, forget them, or abandon them."

See, also, Restatement, Agency, § 396; Ice Delivery Co. v. Davis, 137 Wash. 649, 243 P. 842; Excelsior Laundry Co. v. Diehl,

32 N. M. 169, 252 P. 991; Progress Laundry Co. v. Hamilton, 208 Ky. 348, 270 S. W. 834.

We think that on principle and well-considered authorities the complaint does not state facts sufficient to entitle plaintiff to equitable relief.

The order appealed from is affirmed.

WARREN, RUDOLPH, and SMITH, JJ., concur.
POLLEY, J., dissents.