383 F.Supp. 295 (1974)
JOSTEN'S, INC., a corporation, Plaintiff,
v.
A. G. CUQUET, Sr., a/k/a Jerry Cuquet, Sr., et al., Defendants.
No. 74-447 C (3).
United States District Court, E. D. Missouri, E. D.
October 9, 1974.
*296 Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for plaintiff.
John P. Emde and Thomas E. Wack, St. Louis, Mo., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court for decision on the merits following the trial to the Court sitting without a jury.
Plaintiff, Josten's Inc., (herein Josten's) brought this action seeking a preliminary injunction and a permanent injunction against the defendants to enforce a restrictive covenant not to compete which is contained in a contract between plaintiff and defendant, A. G. Cuquet, Sr. (herein Cuquet, Sr.).
The Court being fully apprised of the premises hereby makes the following findings of fact and conclusions of law.

Findings of Fact
1. This Court has jurisdiction over the subject matter of this suit and the parties hereto pursuant to 28 U.S.C. § 1332.
2. Plaintiff is a Minnesota corporation with its principal place of business in Minnesota. Plaintiff is a publicly held corporation, and is the leading supplier of class rings, announcements, diplomas, awards, and graduation gowns to schools and colleges.
3. Plaintiff's products are sold through salesmen, each of whom is given an assigned territory of schools. According to the usual custom and practice of plaintiff in recent years, the salesman is required to sign a form contract, the terms of which are entirely drafted by plaintiff, and are essentially non-negotiable.
4. Defendant, A. G. Cuquet, Sr., is the father of defendants, A. G. Cuquet, Jr., and Chris Cuquet. A. G. Cuquet, Sr. has been in the business of selling class rings and other products to schools for all of his adult life.
5. Defendants, A. G. Cuquet, Jr., and Chris Cuquet, are employed by their father, *297 Cuquet, Sr., as salesmen for the products described in finding number 2. above.
6. Only defendant, Cuquet, Sr., has signed the contract upon which this action is based.
7. The contract between Josten's and defendant, Cuquet, Sr., provides that:
"The sales representative shall not, for a period of one year after he ceases to be a sales representative of the plaintiff, solicit or sell, or in any way assist in soliciting or selling, in schools that were assigned to him under said contract, products that are similar to those sold by the plaintiff."
8. Defendant, Cuquet, Sr., has become associated with one or more competitors of Josten's in the products sold by Josten's.
9. The evidence produced at trial is not persuasive that Josten's will suffer any irreparable harm by allowing defendants to sell products of competitors. Josten's has shown no monetary loss to date by virtue of any competitive activities by any or all of the defendants.
10. The sole claimed violation of the July 1, 1974 contract is by Cuquet, Sr. for failure to devote his "full time and best efforts to plaintiff" as required by paragraph 10 of that agreement. The determination of full time and best efforts has been made by plaintiff alone.
11. To enforce this covenant against defendant, Cuquet, Sr., would be to bar the defendant from his only known livelihood.
12. Josten's has an adequate remedy at law as consequential contract damages may be easily determined if and when Josten's is damaged by any activities of the defendants.

Conclusions of Law
The issue before the Court is whether or not a restrictive covenant such as the one contained in the contract in which this action arises should be enforced against the defendants. Due to the terms of the contract the applicable law in this case is that of the State of Minnesota.
At common law restraints such as the one at issue here were regarded as void. However, due to the changing social and economic conditions of history, this rule of voidness was solely absorbed into a rule of reasonableness. 43 A.L.R.2d 115.
The key portion of this test of reasonableness is reasonableness to the employer. For such a restraint to be enforced there must be a legitimate interest of the employer which is in need of protection. An employer cannot be protected against ordinary competition which he must endure from a former employee just as much as a stranger. To achieve enforcement of the covenant, the employer must prove some additional facts or circumstances which render his restrictive covenant necessary for the protection of his business interests.
The Supreme Court of Minnesota has:
"Upheld covenants in a contract of employment designed to protect the employer against the deflection of trade or customers by the employee by means of the opportunity which the employment has given him; or to protect a legitimate interest of the business or professional man about to employ another under circumstances where the employee is given access to employer's patronage, customers, clients or trade secrets. Where the restraint is for a just and honest purpose, for the protection of a legitimate interest of the party in whose favor it is imposed, reasonable as between the parties, and not injurious to the public, the restraint has been held valid." Bennett v. Storz Broadcasting Co., 270 Minn. 525, 134 N.W.2d 892, 898 (1965). (Emphasis Added).
The instant case at bar fails the above test in two instances, namely the covenant was not reasonable between the parties, nor was it for a just and honorable purpose.
In the present case, the Court finds on a careful and close examination of the *298 evidence that the bargaining power involved in the formation of the present contract which is in question was essentially vested in the plaintiff, and the plaintiff alone. The contract in question was a printed form upon which no changes appeared to have been made by the defendant and from the evidence presented would not have been allowed to be made by the plaintiff if defendant, Cuquet, Sr., had sought to have them made.
In essence, the contract was one where Cuquet, Sr. sold his salesman's ability and having only that to sell could not afford to raise any objections to the terms of the contract so long as the wages were acceptable.
Josten's puts great emphasis that the restrictive covenants clause of the contract was in consideration of certain "contract equities" provisions in the contract at bar. Those provisions add nothing to offset the one-sided nature of Josten's non-negotiable contract. The "equities" apply only to later ring sales, which were a small part of Cuquet, Sr.'s total income, and no benefit would be derived from the sales of other product lines from which Cuquet, Sr. derived a large part of his income. Any benefit to Cuquet, Sr. would be totally contingent on the sales made by any successor Josten's appointed. Josten's was under no duty to appoint such a successor. Further, a requirement for payment of the "equities" was a determination made solely by Josten's of whether the former salesman had "competed". Thus, whether or not any "equities" would be paid would be entirely a decision on the part of the plaintiff.
Paragraph 5(b)(7) of the Agent's contract wipes out all "equities" "if an account is lost to the company for one year, even though such account is later reinstituted". It is quite obvious that such "equities" are merely a panacea in order to give some gloss of consideration to the restrictive covenant. In effect, the restrictive covenant was not a bargained for restraint but was a unilateral restraint imposed upon Cuquet, Sr. by the plaintiff, Josten's.
Josten's, during the course of the trial, repeatedly attempted to show that irreparable injury would be done to the plaintiff if defendants were not restrained from competition. However, this Court is reluctant to believe that such injury would take place. Considering the testimony adduced during the trial plaintiff was unable to show that such injury would take place and was wont to give specific details of such injury which had already occurred to plaintiff. The injuries testified to by plaintiff's witnesses were not specific and were merely of a general nature. This Court as the trier of fact was not impressed as to the credibility of plaintiff's witnesses concerning these injuries and was not persuaded that Josten's would be subjected to such injuries if defendants were not restrained. Injury will not be shown by the mere fact that the employee has left the service and has entered the employ of a rival concern. Menter Co. v. Brock et al., 147 Minn. 407, 180 N.W. 553, 554 (1920).
The approach of the Minnesota courts regarding covenants such as these has been to evidence a concern for the average individual employee who has as a result of his unequal bargaining power may be found in oppressive circumstances. Bennett, supra. This Court finds that such an approach is eminently fair and will adopt those criteria.
Defendant, Cuquet, Sr., is 62 years old, has been a life-long resident of St. Louis and his only occupation has been a salesman of scholastic products such as those produced by Josten's. As the Minnesota Supreme Court stated in Standard Oil Co. v. Bertelsen, 186 Minn. 483, 243 N.W. 701 (1932):
To require him either to change his occupation, which he had followed for some three years or to remove to a different community [is] a harsh burden on him. A man's right to labor in any occupation in which he is fit to engage is a valuable right, which *299 should not be taken from him, or limited by injunction except in a clear case showing the justice and necessity therefor. 243 N.W. at 703.
The disparity in size and market power between plaintiff and defendants is also a factor which must be taken into consideration. The plaintiff is a large publicly held corporation which has its stock traded on one of the nation's largest stock exchanges, while Cuquet, Sr. and the other defendants are engaged in a single proprietorship-type of business. It is quite obvious to this Court that any market share of the plaintiff's which might possibly be taken by the defendants is so small as to come within the doctrine of de minimus as the evidence at trial so proved. Josten's size alone should give it adequate protection in the market place. Considering that free market competition is an accepted part of the American economic system any restraints upon that competition by restrictive covenants should be looked at carefully before the covenants are enforced.
Thus, considering that plaintiff has shown no irreparable damages, the one-sided nature of the contract in question and the injustice and restraint of trade which would result if the covenant were to be enforced, this Court will not enjoin the defendants as prayed for by plaintiff, Josten's. A covenant that serves primarily to bar an employee from working for others or for himself in the same competitive field so as to discourage him from terminating his employment is a form of industrial peonage without redeeming virtue in the American economic order. Eutectic Welding Alloys Corporation v. West, 281 Minn. 13, 160 N.W.2d 566, 571 (1968).
The ancient equity courts of England were also referred to as the courts of conscience meaning that those courts would not enforce remedies which their consciences would not allow them to. In the present case, this Court could not in good conscience enforce such a covenant which the evidence shows to be so entirely one sided and which it is clear that the plaintiff has suffered no irreparable injury.
It is a maxim of equity that equity will not intrude where there is an adequate remedy at law. It is quite obvious that Josten's has such an adequate remedy at law as soon as defendants sell competitive products to former customers of Josten's. However, this is not to be taken as a decision on the merits as to the validity of the contract in question. Such contract damage actions should be settled in separate actions at law as should the overall validity of the present contract.
It follows that since no injunction will be issued against Cuquet, Sr. that such remedies will not lie against A. G. Cuquet, Jr. and Chris Cuquet. It must be noted that A. G. Cuquet, Jr. and Chris Cuquet never signed an agent contract with Josten's and as such could not be bound by any restrictive covenant. Boone v. Krieg, 156 Minn. 83, 194 N.W. 92 (1923).
Accordingly, judgment shall be entered for the defendants.