Floyd **JOHNSTON** et al., Appellants,

v.

**AMERICAN SPEEDREADING ACADEMY, INC.,** Appellee.

No. 18680.

Court of Civil Appeals of Texas, Dallas.

June 26, 1975.

Z. T. Fortescue, III, Fiedler & Fortescue, Richardson, for appellants.

William M. Hayner, Flagg, Cooper, Hayner, Miller, Long & Owen, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Alleging breach of fiduciary duties, conspiracy and unfair competition, American Speedreading Academy, Inc., sought injunctive relief, as well as actual and exemplary damages, against former employees who had resigned from plaintiff corporation and formed a competing company called Educational Reading Services, Inc. Following a hearing, the trial court issued a temporary injunction restraining the former employees and the new corporation from engaging in practices claimed to amount to unfair competition. From that order two of the for-mer employees, Floyd Johnston and Robert Royal, and the new corporation Educational Reading Services, Inc., appeal.

The record reveals that in 1972 Robert B. Johnson and wife Lucille Johnson incorporated American Speedreading Academy, Inc. The business of this corporation was to teach speedreading and to license academies across the nation to hold speedreading classes. Employing the copyrighted training materials developed by Lucille Johnson, along with the market expertise of Robert Johnson, American Speedreading Academy progressed from a single home office in Dallas, Texas, to forty-seven licensees throughout the United States. More specifically, the record reveals that licenses were issued by American Speedreading Academy in Florida, South Carolina, New Mexico, Texas, Iowa, Washington, Wisconsin and Indiana. Since its formation, the appellee-corporation has built up an administrative staff as well as a staff of salesmen to market appellee's method of teaching speedreading to prospective licensees. Among these employees was Floyd Johnston, one of appellants, whose duties primarily involved the sale of appellee's licenses and courses to individuals. He acted as sales manager and eventually became vice president of appellee-corporation. His duties gave him access to information concerning all facets of appellee's business operations, including knowledge concerning the various licensees and prospective licensees throughout the country. Robert Royal, appellant, was also a former employee of appellee-corporation, where he was employed primarily to market programs to licensees. Robert L. Cook and Glenn Beaver were also former employees of appellee-corporation. The testimony reveals that Johnston, Beaver, Royal and Cook constituted the principal staff of the appellee-corporation. In January 1975, Beaver, Royal and Johnston withdrew from appellee-corporation and became the incorporators of Educational Reading Services, Inc. which engaged in active competition with American Speedreading Academy, Inc. After resign-

ing from appellee-corporation, Floyd Johnston sent letters to many of the existing licensees of American Speedreading Academy in which he informed them not only of his resignation from that company but apprised them of the fact that he had become associated with a group of former employees who were entering into a speedreading program far superior to the "antiquated" American Speedreading Academy methods. The record also reveals that the departing employees of appellee-corporation utilized information obtained from appellee's "lead book" which included valuable and pertinent information concerning potential licensees. The record contains abundant testimony concerning actions and conduct on the part of both Johnston and Royal toward various licensees of American Speedreading Academy which tended to either cause or persuade such licensees to cease their business dealings with appellee-corporation and to become associated with the new corporation.

The trial court, in its temporary injunction, specifically enjoined and restrained appellants from:

1. Inducing, enticing or soliciting employees of Plaintiff to leave Plaintiff's employment;

2. Contacting, communicating or soliciting with any customer of Plaintiff derived from any customer list, customer lead, mail, printed material or other information secured from Plaintiff or its present or past employees;

3. Entering into any contract with a customer or prospective customer with American Speedreading Academy, Inc., who has been since October 1, 1974, solicited by American Speedreading Academy, Inc. either through its sales personel or in any other manner solicited for purposes of entering into business relations with American Speedreading Academy, Inc.;

4. In any other manner using any customer list or customer leads, mail, telephone numbers, printed material or confidential material of Plaintiff's secured from its employees or former employees;

5. Making or copying in any way any customer lists or customer leads, mail, telephone numbers, printed material or other materials secured from the Plaintiff;

6. Discussing any activities, method of operation, finances, confidential practices and private business information of the Plaintiff with any other party;

7. From engaging in any business endeavor of whatsoever nature which has among its purposes and/or endeavors the selling, counselling, advising, teaching, soliciting or dissemination of information concerning speedreading, accelerated learning or any topic related thereto, within any State of the United States of America in which American Speedreading Academy, Inc. has licensees or schools that are in existence at this time, or that are in the process of being set up at this time, to wit:

| | | |
|---|---|---|
| Texas | California | New Mexico |
| Kansas | South Carolina | Indiana |
| Colorado | Ohio | Florida |
| Michigan | Tennessee | Idaho |
| Maryland | New Hampshire | Washington |
| Iowa | Arizona | Oklahoma |
| New Jersey | Nebraska | Minnesota |
| Arkansas | Louisiana | Illinois |

8. Authorizing or permitting any agent, servant or employee to do any of the foregoing acts.

In oral argument before this court the attorney for appellants admitted that the trial court did not abuse its discretion in granting the injunctive relief set forth and contained in paragraphs 1–6, and 8, set out above. Appellants, therefore, do not appeal from, nor complain of, the restrictions placed upon them in these paragraphs. Appellants attack only the restraints set out in paragraph 7 and contend that those restrictions should be eliminated. In support of this contention, they argue that absent an agreement restricting competition the

terms of paragraph 7 are too broad, too general and not supported by the record. Appellants also contend that the injunction bond made by appellee-corporation in the amount of $10,000 is insufficient, as a matter of law, to protect appellants and that this court should increase the amount of the bond to a minimum of $50,000.

Since appellants have judicially admitted the validity of all of the injunctive restraints against them with the exception of those contained in paragraph 7 of the court's decree, our principal question is the validity *vel non* of the contents of that paragraph. Appellee concedes that the appellants are not restricted by an agreement with appellee-corporation. In the absence of a contractual restrictive obligation, does the record support the broad restraints against competition within the territorial areas therein recited?

■ Courts have universally recognized the right of a former employee to use, in competition with his former employer, general knowledge, skill and experience acquired in the former employment, especially in the absence of an agreement restricting competition. Annot., 28 A.L.R.3d 29, § 4(a) (1969); *Revcor, Inc. v. Fame, Inc.,* 85 Ill. App.2d 350, 228 N.E.2d 742 (1967); *Jewel Tea Co. v. Grissom,* 66 S.D. 146, 279 N.W. 544 (1938); *Jet Spray Cooler, Inc. v. Crampton,* 282 N.E.2d 921 (Mass.1972). However, there is a definite limitation upon this right of competition. This right must be considered in relation to the equally well-recognized rule that even in the absence of a contractual restriction, a former employee is precluded from using for his own advantage, and to the detriment of his former employer, confidential information or trade secrets acquired by or imparted to him in the course of his employment. This rule has been affirmed and recognized in many cases dealing with the rights and duties of a former employee who solicits his former employer's customers or otherwise uses customer lists obtained in his former employment. Annot., 28 A.L.R.3d 31, § 5 (1969), and cases therein collated; Annot., 30 A.L.

R.3d 638, 639, § 3 (1970) and cases therein collated, including *Welex Jet Services, Inc. v. Owen,* 325 S.W.2d 856 (Tex.Civ.App.—Fort Worth 1959, writ ref'd, n. r. e.).

■ Appellants, by their admission, recognize the rule of law announced above and, therefore, do not attack the restrictions imposed upon them by the trial court other than those contained in paragraph 7. This paragraph is, indeed, broad in its scope in that it enjoins appellants from engaging "in any business endeavor of whatsoever nature which has among its purposes and/or endeavors the selling, counselling, advising, teaching, soliciting or dissemination of information concerning speedreading, accelerated learning or any topic related thereto, within any state of the United States of America in which American Speedreading Academy, Inc. has licensees or schools that are in existence at this time, or that are in the process of being set up at this time . . .." Then the court lists the twenty-four states included in this restriction. An examination of the record reveals that other than testimony concerning Texas, Iowa, Indiana, Washington, New Mexico, South Carolina, Florida and Wisconsin, the only other geographical areas are referred to as "northwest," "midwest," "southwest," "northeastern," and "east." We find no evidence in the record to demonstrate that appellee-corporation does business or has licensees in any of the enumerated states set forth in paragraph 7, other than those specifically mentioned above. Texas Rules of Civil Procedure, rule 683 expressly requires that every order granting an injunction shall be specific in its terms and shall describe in reasonable detail the act or acts sought to be restrained. We have concluded, and so hold, that paragraph 7 of the court's injunctive order is too broad and too general and is not necessary to grant to appellee-corporation the injunctive relief originally sought. We are of the opinion that the remaining paragraphs of the court's order are completely adequate to fully enjoin appellants

from engaging in unfair competitive practices against appellee-corporation.

We cannot agree with appellants that the trial court abused its discretion in setting the amount of the injunction bond in this case. We think that the record demonstrates that the bond set by the trial court is completely adequate to protect appellants.

With the exception of the elimination of paragraph 7 of the trial court's order, the judgment of the trial court is affirmed.

Affirmed, as reformed.