WITKOP & HOLMES CO. v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

(Supreme Court, Equity Term, Erie County.    July 13, 1910.)

1. INJUNCTION (§ 56*)—UNFAIR COMPETITION.

It is unfair competition, and also under Penal Law (Consol. Laws, c. 40), § 553, subds. 6, 7, an unlawful obtaining and use of a trade list, which will be enjoined, for defendant, a business rival of plaintiff, to obtain of a former driver of plaintiff, and use, a list of plaintiff's customers furnished the driver by plaintiff with which to solicit trade for it.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. § 56.*]

2. INJUNCTION (§ 56*)—REMEDY AT LAW.

    The damage from defendant's use of a list of plaintiff's customers obtained from a former driver of plaintiff to whom it was furnished by plaintiff to solicit trade for it being incapable of ascertainment, and the remedy at law being inadequate, is reason for granting injunction.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. § 56.*]

3. INJUNCTION (§ 197*)—EXEMPLARY DAMAGES.

    A fine under the name of exemplary damages cannot be imposed in a suit to enjoin defendant using a list of plaintiff's customers obtained from a former driver of plaintiff, to whom plaintiff furnished it with which to solicit trade for it, where no damages, also sought, are proven.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 417; Dec. Dig. § 197.*]

Action by the Witkop & Holmes Company against the Great Atlantic & Pacific Tea Company and others to restrain defendant company from employing plaintiff's drivers for the purpose of securing plaintiff's trade, and for damages. Judgment for plaintiff.

Sullivan, Bagley & Wechter (George Clinton, of counsel), for plaintiff.

James A. Magoffin (A. Moot, of counsel), for defendants.

POUND, J. The material facts and the law of this case, aside from the question of damages, are stated and discussed in Witkop & Holmes v. Boyce, 61 Misc. Rep. 126, 112 N. Y. Supp. 874, 64 Misc. Rep. 374, 118 N. Y. Supp. 461, and a restatement thereof is unnecessary. That was a case against the driver only. The competing corporation is also a party defendant to this action as is also its active manager in the transaction herein complained of.

The recent case of McCall Co. v. Wright, 198 N. Y. 143, 91 N. E. 516, sustains, I think, the reasoning of Wheeler, J., in the Boyce Case, supra, as to the power of the court broadly to restrain the plaintiff's driver from breach of his contract not to enter the service of the competing defendant. To be sure, the McCall Case seems to reserve the question as to how far the rule of that case will be applied to inferior positions, but the damage done, rather than the rank of the employé, would probably control. The life of the contract of the defendant driver in this case is however spent, and, as such relief would now be of little value, I prefer to place my decision on other grounds. Justices Wheeler and Brown both hold in the Boyce Case, supra, that plaintiff's right to injunctive relief as against the driver is not measured by the written contract, but that independently thereof he will be restrained from canvassing and soliciting trade from plaintiff's customers formerly served by him from plaintiff's lists of names and addresses for the benefit of a competing concern.

It follows that defendant tea company and its officers and agents will be restrained from obtaining the benefit of plaintiff's lists of customers by hiring drivers away from the plaintiff for the purpose of having them canvass and solicit trade from the plaintiff's customers formerly served by them. That this was done in the case of Wahl and other drivers admits of no doubt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant tea company undoubtedly has the right to solicit the trade of plaintiff's customers, and to obtain a list thereof by using opportunities for observation open to all. Plaintiff had no vested property rights in the trade of such customers. The vice of defendant's position is that it obtained the lists or copies thereof by hiring the drivers and made the lists of value to itself by sending the drivers to transfer, if possible, the trade from their former employer to their new employer. In other words, although the end might be lawful, the means adopted were unlawful. This is a case not of malicious interference with contracts where equity refuses to interfere unless the services are of a unique and special character, but of unfair competition. McCall v. Wright, supra. The conduct of defendants amounts to an unlawful obtaining and use of a trade list (Penal Law [Consol. Laws, c. 40] § 553, subds. 6, 7), a carrying to a business rival the benefit of business secrets acquired while in the employ of plaintiff, and as such should be enjoined.

A reason why this relief is due to plaintiff is that, although defendants' conduct is grossly unfair, unjust, and injurious, the damage to plaintiff's property rights is incapable of being ascertained and an action at law would be inadequate. No actual damages were proved on the trial.

The court has no power to impose a fine under the name of exemplary damages in such a case, but is limited to the granting of injunctive relief only.

Plaintiff may have judgment as herein indicated, with costs.