PEOPLE'S COAT, APRON & TOWEL SUPPLY CO. v. LIGHT et al.

(Supreme Court, Appellate Division, Second Department.   January 14, 1916.)

INJUNCTION ☞56—SUBJECTS OF PROTECTION.

Defendant, as a driver of plaintiff's wagon, delivered laundered coats and aprons to individuals and collected payment for the use thereof. Being discharged by plaintiff, he entered into the service of his codefendant, and through his knowledge of plaintiff's customers was enabled to secure the business of such persons for his new master. Plaintiff's customers were individuals, who could not be reached by ordinary methods of advertising. *Held*, that defendant would be enjoined from using the knowledge which he had gained in plaintiff's employ to deprive plaintiff of its old customers.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. ☞56.]

Appeal from Special Term, Kings County.

Action by the People's Coat, Apron & Towel Supply Company against Harry Light and Samuel Cohen.   From a judgment dismissing the complaint on the merits, plaintiff appeals.   Reversed, and judgment directed for plaintiff.

See, also, 168 App. Div. 142, 153 N. Y. Supp. 330.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and RICH, JJ.

Alfred B. Nathan, of New York City (Sidney J. Loeb, of New York City, on the brief), for appellant.

Meyer D. Siegel, of New York City, for respondents.

THOMAS, J.   Light was for some three years in plaintiff's service, where, as driver of its wagon, delivering laundered coats and aprons to individuals and collecting payment for the use thereof, he acquired knowledge of, and access to, plaintiff's customers.   Discharged by plaintiff on October 1, 1914, Light after a brief interval entered the service of defendant Cohen, who by his inducement, under the name of the Mutual Coat & Apron Supply Company, began a business similar to that of the plaintiff.   Light, using his knowledge of plaintiff's customers acquired in its service, and by virtue of his former representation of plaintiff, went to them and induced them to substitute Cohen's outfitting for that of the plaintiff, and thereby secured their business for Cohen and deprived plaintiff of it.   That result was obtained in some instances through the solicitation of Light, in other cases by failure of Light to state that he was transferring the custom to Cohen, and leaving the customer to believe that Light still represented the plaintiff.   Light, to Cohen's knowledge, stated his intention to secure plaintiff's customers.

Light's plan to use his knowledge and opportunity, resulting from his former employment by plaintiff, to deprive plaintiff of its customers and to turn them to Cohen, and Cohen's connivance and participation therein, are proven clearly.   The important question is whether those who so contrived it may be enjoined from prosecuting the scheme and enjoying the benefits of it.   The defendants rely upon Boosing v.

Dorman, 148 App. Div. 824, 133 N. Y. Supp. 910. In that case a salesman going from one employer to another carried to his service information of plaintiff's customers, who dealt in butter and eggs at advertised locations, and who in most cases dealt, not only with the plaintiff, but also with his competitors. In the action at bar, individuals in varied occupations, that require the use of coats and aprons, were gained one by one to use plaintiff's garments, which were exchanged, the washed for the soiled, once a week or oftener. The customers largely were individual employés, unadvertised, and reached only by personal contact. There is no evidence that Light had a written list of them. There was in his head what was equivalent. They were on routes, in streets, and at numbers revealed to him through his service with plaintiff. Their faces were familiar to him, and their identity known because of such employment. He had entry and introduction, and solicited them, not as strangers, but as persons known to him. He used what he had gained through plaintiff to take away its customers.

It is idle to say that he did not have the advantage of a knowledge and acquaintance that he would not have had, save for his former employment, and it is unimportant that there was some other possible way of discovering and reaching them. It is clear enough what means he used. The subject in its general features was considered in an action against an employer's former agent, in Witkop & Holmes Co. v. Boyce, 61 Misc. Rep. 126, 112 N. Y. Supp. 874, affirmed 131 App. Div. 922, 115 N. Y. Supp. 1150, and again upon the trial of that case, 64 Misc. Rep. 374, 118 N. Y. Supp. 461, and again in an action against the second employer, 69 Misc. Rep. 90, 124 N. Y. Supp. 956. The general equitable principles were discussed, and they are applicable here. The defendants should be enjoined from soliciting, through Light or any information obtained from him, plaintiff's former or present customers, of whom Light obtained knowledge while in the service of the plaintiff and from serving the same, and from serving plaintiff's former customers, secured by Light after entering Cohen's service.

The judgment should be reversed, and judgment, with costs here and in the trial court, directed for plaintiff in accordance with findings and conclusions of law to be settled. All concur.