NULOMOLINE CO. v. DICKINSON, District Judge, et al.

(Circuit Court of Appeals, Third Circuit. November 27, 1918.)

No. 2305.

INJUNCTION ⬤═189—SCOPE OF RELIEF.

Where petitioner contended its invert sugar was of special and superior kind, one who unfairly obtained petitioner's formula, and from a faithless employé obtained the names of petitioner's customers, to whom he sold sugar made under the formula at a reduced price, will not be restrained from selling any kind of invert sugar to such customers, as petitioner asserted they desired only sugar having the characteristics of its brand.

Petition for Mandamus to the District Court of the United States for the Eastern District of Pennsylvania.

Petition by the Nulomoline Company for a writ of mandamus against Oliver B. Dickinson, District Judge, to require the insertion of certain provisions in the decree entered by the District Court pursuant to the decision in Nulomoline Company v. Stromeyer, 249 Fed. 597, —— C. C. A. ——. Petition denied.

Chester N. Farr, Jr., of Philadelphia, Pa., for petitioner.
Michael J. Ryan, of Philadelphia, Pa., opposed.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This petition grows out of the decision in Nulomoline Co. v. Stromeyer (C. C. A. 3) 249 Fed. 597, —— C. C. A. ——. After that decision a decree was entered by the District Court for the Eastern District of Pennsylvania that was intended to carry out our directions, and no complaint is made of its provisions, except in one particular. The company asked, and the District Court refused, the insertion of the following paragraph:

"The said Julius Stromeyer is enjoined and restrained from at any time hereafter selling any products of invert sugar, manufactured in any manner or by any formulas whatsoever, whether those of the said Julius Stromeyer, or those used by the plaintiff company, or otherwise, to any customers previously the customers of the plaintiff company, whose names were disclosed to the said Julius Stromeyer by the said Maxwell Tausek, the plaintiff's former employé. * * *"

The present petition asks us to direct the court below to adopt the foregoing paragraph, or its equivalent. The company insists, that as Stromeyer, by his unlawful conduct with Tausek, has taken away certain of the company's former customers, he should be wholly and forever prevented from selling to these customers any invert sugar, no matter how, or when, or by whom, such sugar might be manufactured. In our opinion the authorities to which we have been referred (Witkop Co. v. Boyce, 61 Misc. Rep. 126, 112 N. Y. Supp. 874; s. c., 64 Misc. Rep. 374, 118 N. Y. Supp. 461; Witkop Co. v. Great Atlantic & Pacific Tea Co., 69 Misc. Rep. 90, 124 N. Y. Supp. 956; People's Coat Co. v. Light, 171 App. Div. 671, 157 N. Y. Supp. 15; Vulcan Co. v. American Can Co., 72 N. J. Eq. 387, 67 Atl. 339, 12 L. R. A. [N. S.] 102; Stevens v. Stiles, 29 R. I. 399, 71 Atl. 802, 20 L. R. A. [N. S.] 933, 17 Ann. Cas. 140; Empire Laundry Co. v. Lozier, 165 Cal. 95, 130 Pac. 1180, 44 L. R. A. [N. S.] 1159, Ann. Cas. 1914C, 628; Grand Union Tea Co. v. Dodds, 164 Mich. 50, 128 N. W. 1090, 31 L. R. A. [N. S.] 260), do not go as far as this, and we do not think the principles that underlie them support the petition.

The theory of the bill is that the company's secret process produces a kind of invert sugar so characteristic and so marked as to be superior to the product of its competitors. Nulomoline, although belonging to the class of invert sugars, is said to stand apart, and therefore a customer that orders it does not receive what he wants, if he is given another invert sugar. The gravamen of the charge is that Stromeyer unfairly obtained knowledge of the company's process, made Nulomoline thereby, and sold it at a lower price to certain consumers, who

had theretofore been customers of the company; their names having been obtained by Stromeyer from the faithless employé. Presumably, what the customers wanted was a sugar that had the special characteristics of Nulomoline, and this they not only believed themselves to be getting, but they actually got, although under another name. This unfair practice has been forbidden by the decree, and we think the company is not entitled to the additional provision for which it asks in the paragraph quoted, which indeed amounts, not only to the future prevention of a wrong, but to the infliction of a punishment as a penalty for the past. Because Stromeyer has sold Nulomoline unfairly, and has thereby taken away (at least for the present) certain customers that wanted this product, we are asked to decree that he shall no longer sell to these customers invert sugar of any kind, made at any time, by any process, or by any person. Now, if all invert sugars were so much alike that one was practically identical with another, some support might be found in the cases for the proposition that Stromeyer should not be allowed to profit by the trade he had unfairly acquired; but, as we have already said, the company's theory is that Nulomoline is distinctive, so good that no other variety will take its place, and, if that be so, the company obtains adequate relief when Stromeyer is prevented from making and selling its peculiar product. If its former customers want Nulomoline, they can no longer get it from Stromeyer, and must go back to the company; but if they want Syrline, or some other sugar, from Stromeyer, we do not see our way to deny him the right to supply them. He has made Syrline for years, and has a right to sell it for what it is; but, of course, he cannot sell it as Nulomoline, nor can he make Nulomoline, and sell it as Syrline, in order to keep these particular customers or to gain others.

The proposed paragraph is too sweeping, and the District Judge was right in refusing to adopt it.

The petition is therefore refused.