Sachter's Ice Cream Company, Plaintiff, *v.* Sunshine Ice Cream Co., Inc., and Another, Defendants.

(Supreme Court, Kings Special Term for Motions, August, 1921.)

Injunctions — temporary — when former employee of plaintiff and his new employer will not be restrained from soliciting customers of plaintiff.

> Where it appears that not until plaintiff, an ice cream company, had discharged its solicitor of customers did he, the solicitor, seek and obtain like employment with defendant, a rival concern, a motion for an injunction restraining both defendants from soliciting or serving customers formerly served by said solicitor while in the employ of plaintiff, will be denied.

Motion for temporary injunction.

W. J. Carlin, for plaintiff.

Joseph A. White, for defendant, Sunshine Ice Cream Co., Inc.

Gannon, J. The plaintiff moves for an injunction pending trial against the defendants restraining them from soliciting or serving customers formerly served

by the defendant Huner while in the employ of the
plaintiff. Huner was employed as a driver, salesman
and solicitor for a period of something less than four
months. Following a dispute on the twenty-fourth of
June, Huner was discharged. Plaintiff seeks to show
that Huner and the defendant solicited business in a
dishonorable way while the former was still in the
employ of the plaintiff. The affidavits in support of
this are unconvincing, stating as they do that the
solicitation occurred on or about June twenty-fourth.
Huner flatly denies this, and says that he did not seek
employment with the Sunshine Company, his code-
fendant, until he had been discharged by the plaintiff,
and the court is persuaded from the affidavits that this
truthfully presents the situation. The case does not
in any manner commend itself to the discretion that
must be exercised to grant this order. The plaintiff
contends that the customers solicited and served by
Huner during his three months' employment have
been assigned by him to the plaintiff so far as he is
concerned in perpetuity. His relationship with the
plaintiff was nothing more than the ordinary relation-
ship of employer and employee. He was not given
any list of customers by the plaintiff, nor was he
intrusted with confidential communications, nor did he
gain any private information nor learn any peculiar
secrets. No divination was required to locate and
secure customers. Dealers in ice cream display their
wares and their needs in perfectly open fashion at
almost every street corner. They advertise for the
benefit of their patrons the brand of ice cream that
they carry, and that brand is changed from time to
time in accordance with the popularity or quality of
the ice cream. To agree with the plaintiff's conten-
tion would be an end of ambition in the salesman and

of incentive to the plaintiff to maintain the grade and quality of his goods and would put an end to that fair competition based upon such quality and endeavor which the health of the trade required. Plaintiff asks in effect that the defendant, an ordinary solicitor in an ordinary business, may work up a list of customers and then, having been discharged, with or without cause, may never again approach such customers in the interest of himself or of any other employer. Such an employee might with diligence create such a list of customers that upon his discharge he would be compelled to remove his family to another community in order to make a living. If such a rule obtained it should be mutual, and the solicitor should have such a vested interest in the business that he developed that he could claim an injunction from discharge. But this would be a plain absurdity. The court holds that this case is not governed by the case of *People's Coat, Apron & Towel Supply Co.* v. *Light,* 171 App. Div. 671, because all of the elements upon which the injunction was granted are absent here; but rather that the rights of the parties are determined by the language of *Scott Co.* v. *Scott,* 186 id. 518: " But if his agreement of employment did not provide expressly that he at the termination of his contract would not engage in a similar business, and he enters upon a fair and open competition with the former employer, he can use the knowledge that he has acquired of the customers of his employer with whom he dealt, * * *." See also the opinion of Mr. Justice Kelby in *New York Towel Supply Co.* v. *Lally,* 162 N. Y. Supp. 247: "* * * it is asserted that the competition of the former employes is an unfair competition, because it involves the use of knowledge of plaintiff's customers, acquired while the employment lasted. * * * My opinion is decidedly to the contrary."

Upon these authorities and upon general principles of law and equity and sound economics the motion for a temporary injunction is denied, with ten dollars costs.

Motion denied, with ten dollars costs.