The complainant's customers are trades people — jobbers or middlemen — in the cleaning and dyeing business. They gather the trade, the complainant does the work. Hockberg, defendant, worked for the complainant six years as solicitor, when he quit to engage in a like business for himself. He is now competing, and motion is made to enjoin him from soliciting complainant's customers who were on his list and route while in the complainant's employ. There is no restrictive covenant, no artifice or fraud has been resorted to, nor has there been any unfair dealings or advantage taken, unless soliciting the customers violates the law of trade secrets. The complainant's customers are all well known in the trade; they are classified and listed in the telephone and city directories, and while it may not be known, generally, who does their work, it is easily ascertainable. They are an *Page 407 
open market and fair field for all in the complainant's line who seek them. The defendant left his list behind when he quit. He has no need for it for he knows the customers by heart — any other solicitor would know them by the display signs of their business. The fact that he knows they deal with the complainant, while others know only that someone does their work, is not a trade secret, sacred to his former employer, not to be invaded now that he has launched in business for himself. If it were there would be fewer merchants. The open door to these customers, earned by his tact and contact with them, is the defendant's, not his employer's gain, of which he ought not to be deprived simply because he secured them as patrons of the complainant. There are cases where courts have interfered to protect against former employes pirating customers, as in Witkop Holmes Co. v.Boyce, 112 N.Y. Supp. 874; affirmed, 115 N.Y. Supp. 1150;Peoples Coat, Apron and Towel Supply Co. v. Light,157 N.Y. Supp. 15; affirmed, 224 N.Y. 727; Golden Cruller, Doughnut Co.
v. Manasker et al., 95 N.J. Eq. 537; and to protect against invasion upon list and route customers by former drivers and solicitors, where the customer is latent or the field potential, as in the laundry trade, for the family wash, where the customer is occasional, as in Empire Steam Laundry v. Lozier, 165 Cal. 95; 44 L.R.A. (N.S.) 1159, and other cases there cited. In such instances the list of customers is obviously a trade secret and property. But where there is no contract to refrain; no fraud or imposition practiced; no list carried away and used, or used for an ulterior purpose, and where customers are dealers in the open market for the best and cheapest service, and known to all the trade who care to inform themselves, the knowledge acquired by a solicitor that some of them are customers of his employer, which information could be had by anyone upon casual inquiry or carefully observing the route, is incident to the employment, and, like any other experience, not secret to the servant and sacred to his employer, may be later used by him in competition, otherwise lawful. The distinction lies between pirating and competing for customers. This case *Page 408 
comes under the latter head. Some of the authorities sustaining the view here entertained are Boosing v. Dorman,133 N.Y. Supp. 910; affirmed, 210 N.Y. 529; Peerless Pattern Co. v.Pictorial Review Co., 132 N.Y. Supp. 37; Scott v. Scott,174 N Y Supp. 583; Goldberg v. Goldberg, 200 N.Y. Supp. 3; ClarkPaper Co. v. Stenacher, 236 N.Y. 312; Irish v. Irish, L.R.
(40 Ch. Div.) 49; Nichol v. Martyn, 2 Esp. 732; Stein v.National Life Asso., 105 Ga. 821; Federal Laundry Co. v.Zimmerman, 218 Mich. 211; Fulton-Grant Laundry Co. v. Johnson,140 Md. 359; Garst v. Scott, 114 Kan. 676; Boon v. Krieg,156 Minn. 83; Kansas City Laundry Service Co. v. Jeserich,213 Mo. App. 71.
Motion denied.