This matter comes before me on a motion for an ad interim
restraint.
Complainants, trading as Little Falls Laundry Company, are engaged in the general laundry business and operate in ten counties of this state. It is not disputed that they have been so engaged since 1912 and have built up a large business and invested large sums of money in their plant. By a system of advertising they have acquired the good will of their customers which is a valuable asset. The defendants, Schoone-Jongen, Vander Sluys and Vanderweert, were formerly employed by complainants as route men.
The bill alleges that these defendants, together with the defendants, John Gross and Prospect Park Laundry, Inc., are engaged in pirating complainants' customers. The defendants, Schoone-Jongen, Vander Sluys and Vanderweert, during their employment entered into a negative covenant not to compete with complainants for a period of one year after the termination of their employment. Vander Sluys and Vanderweert left complainants' employ last June and are at the present time pirating the business of complainants by serving complainants' former customers.
From the affidavits I am satisfied that the two last mentioned former employes are violating their covenants and that as to them an ad interim restraint should issue. Schoone-Jongen, however, has not worked for the complainants since *Page 338 
February, 1939. Therefore, as to him the time of the running of the covenant has expired. Schoone-Jongen, however, is one of the stockholders of the Prospect Park Laundry, Inc., and the bill alleges that he, Vander Sluys and Vanderweert, incorporated the company in July of this year and that they conspired to divert the good will of the customers, formerly served by Vander Sluys and Vanderweert, away from the complainants. These defendants deny that and say that the former customers of complainants, which are now being served by the Prospect Park Laundry, Inc., have come to them on their own volition and not for the reason that they were solicited by the defendants. I have concluded from the affidavits that these defendants have acted in concert to induce former patrons of complainants to patronize the laundry of the said defendants. Therefore, Schoone-Jongen and the Prospect Park Laundry, Inc., and Vander Sluys and Vanderweert should be restrained pending final hearing from pirating complainants' customers. Stone v. Goss, 65 N.J. Eq. 756; Fleckenstein Bros.Co. v. Fleckenstein, 66 N.J. Eq. 252.
The defendant, Gross, was employed by the complainants for several weeks pending a strike against the company in 1937. He is not bound by an express covenant under a contract. He is, however, operating a route for the Prospect Park Laundry, Inc., which includes certain of complainants former customers. If he is violating complainants' rights he is doing so as a servant, agent or employe of the said defendant-company. The restraint against the company above indicated would restrain such an employe.
Defendants argue that the list of customers of the complainants is not a trade secret or confidential information. I see nothing in this argument. See Owl Laundry Co. v. Banks, 83 N.J. Eq. 230; Capital Laundry Co. v. Vannozzi, 115 N.J. Eq. 26; NewarkCleaning and Dye Works v. Gross, 97 N.J. Eq. 406; AbaleneExterminating Co. v. Oser, 125 N.J. Eq. 329. *Page 339