Cohn, J.
Plaintiff, a scenic painting artist, terminated his relations with defendant association in the latter part of the year 1943. Thereafter defendant association contended that some dues were owing to it from plaintiff as of January 19, 1945. Plaintiff disclaimed liability for these dues. Payment not having been made, defendant association put into effect against plaintiff certain resolutions and by-laws. These required members of defendant association to work only in conjunction with other members in good standing and required them to insert such provision in contracts made with producers and other persons having occasion to use their services. Since the members of the association constituted substantially 100% of the industry, the business of plaintiff, a nonmember, was brought practically to a standstill because if producers were to engage plaintiff, who could do only painting work, the producers could not have the remainder of their required work done by other members of the association.
Plaintiff thereupon commenced an action in the Supreme Court to enjoin defendant association and its members from giving effect to the illegal resolutions and by-laws. The sum of $25,000 in damages was also demanded by plaintiff.
The trial court rendered an interlocutory judgment in favor of plaintiff on July 10, 1945, restraining the illegal conduct of the association and its members. It found that the acts of defendant constituted a violation of section 340 of the General Business Law of the State of New York, referred the action to a referee to assess plaintiff’s damages and directed that plaintiff have judgment against the association and its members for the amount of such assessment.
On appeal to this court by the association, the interlocutory judgment was modified by eliminating the provision as to the entry of judgment against the members of the association and as so modified, was in all other respects affirmed by an order made on January 25, 1946 ( 270 App. Div. 757).
Hearings were subsequently held before the referee, who rendered his report fixing plaintiff’s damages in the sum of $10,000. From the judgment entered thereon, defendants now appeal to this court.
*270 In his report, the referee found that the plaintiff was entitled to compensatory damages in the sum of $6,500, to punitive damages in the sum of $2,000, and to legal expenses for counsel in the sum of $1,500.
The challenged by-laws which became effective April 2d, were revoked by defendant on July 2, 1945. At the hearings before the referee, plaintiff was nevertheless permitted to show the amount of his gross income during the period from the beginning of April to the end of August, 1945. Proof as to the gross receipts of plaintiff during the corresponding period of the prior year was also adduced. Plaintiff further testified that the average percentage of profit on work performed by him was between 20 and 25%. Since the gross receipts during the claimed period for the year 1945 were $32,500 less than the gross income of the corresponding period of the preceding year, the referee allowed a profit of 20% of that sum as compensatory damages.
Defendant asserts that the injury to .plaintiff, if any, was so speculative as to make it impossible to establish any basis for the computation of damages. While we do not agree with this contention, it is our view that the evidence does not satisfactorily establish that plaintiff should recover compensatory damages in the full sum of $6,500 as found by the referee.
A plaintiff seeking compensatory damages has the burden of proof and should present to the court a proper basis for ascertaining the damages he seeks to obtain. They must be susceptible of ascertainment in some manner other than by mere conjecture or guess work. (Broadway Photoplay Co. v. World Film Corp., 225 N. Y. 104, 109; Janvier, Inc., v. Baker, 229 App. Div. 679, 680.) However, where it is certain that damages have been caused by a wrong and the only uncertainty- is as to the amount, there can be no good reason for refusing on account of such uncertainty any damages for the wrong. (Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205; Bagley v. Smith, 10 N. Y. 489, 499; MacGregor v. Watts, 254 App. Div. 904.) A wrongdoer may not escape liability simply because there are not available the ordinary standards for proving damages. The law will resort to some practical means that will- be just to the parties. (Brady v. Erlanger, 188 App. Div. 728, 733, affd. 231 N. Y. 563; Alexander’s Dept. Stores, Inc., v. Ohrbach’s, Inc., 269 App. Div. 321, 328; Merscheim v. Musical Mutual Protective Union, 8 N. Y. S. 702, 704-705.)
The fact that plaintiff did $32,500 less business in the 1945 *271 period than he had done during the same dates in the year 1944 does not in and of itself establish that the reduced income is attributable to defendant’s wrongful conduct. To prove this with a reasonable degree of certainty plaintiff at least would have been obliged to show that there was a substantially equal amount of work available in the industry in which he was engaged during the comparable periods. Moreover, as the illegal by-laws were not in effect after July 2, 1945, damages, if any, should not have included losses for the months of July and August. In the absence of proof that the conditions as to the availability of work during the 1944 and 1945 periods were comparable, there could be no rational basis for the formula adopted by the referee in assessing the compensatory damages. Though plaintiff was not obliged to prove his damages to the dollar to sustain the recovery allowed, he was required to supply some reasonable standard of computation. This he did not do with respect to the claim of loss of earnings for the period involved. Award of the sum of $6,500 for compensatory damages was not warranted. (Broadway Photoplay Co. v. World Film Corp., 225 N. Y. 104, supra; Cramer v. Grand Rapids Show Case Co., 223 N. Y. 63, 68.)
Other evidence in the case, however, affords a standard for measuring plaintiff’s loss with reasonable precision. It discloses that during the time plaintiff was actually affected by the resolutions of defendant, three major shows were produced. Plaintiff was not interested in obtaining the work on two of them. For the third play, which was known as “ Mr. Strauss Goes to Boston,” plaintiff submitted the low bid of $10,000. The scenery painting on this production was not awarded to him but was given by the designer of the production to a competitor of plaintiff’s at a price of $10,800. As plaintiff’s bid for the paintr ing of the. sets for “ Mr. Strauss Goes to Boston ” was the low bid, and as the job was awarded to a competitor whose bid was higher, we think there is sufficient evidence in the record to support an award for damages on the basis of this job. In the circumstances here, it may fairly be concluded that plaintiff would have, obtained the employment but for the misconduct of defendant. Beyond that, however, we are unable to find evidence to support a conclusion that plaintiff was otherwise injured. Applying the 20% profit rate to the amount of the low bid of $10,000, plaintiff is entitled to recover compensatory damages of $2,000.
*272 The award of punitive damages cannot be sustained. The court has no power in an action in equity to award exemplary or punitive damages. (1 Clark on New York Law of Damages, § 45; Witkop & Holmes Co. v. Great A. & P. Tea Co., 69 Misc. 90 [Pound, J.]; Winthrop Chemical Co., Inc., v. Blackman, 159 Misc. 451.) The function of a court of equity goes no further than to award as incidental to other relief, or in lieu thereof, compensatory damages; it may not assess exemplary damages. (United States v. Bernard, 202 F. 728, 732; Taylor v. Ford Motor Co., 2 F. 2d 473-474.)
We think, too, that it was error to allow as damages the sum of $1,500 counsel fees expended in the prosecution of this action. “ Counsel fees and other expenses in conducting the suit, not included in the taxed costs, cannot be taken into consideration in assessing damages. (Avalon Constr. Corp. v. Kirch Holding Co., 256 N. Y. 137, 145; Lurman v. Jarvie, 82 App. Div. 37, 45, affd. 178 N. Y. 559; Lever Bros. Co. v. Eavenson & Sons, Inc., supra [288 N. Y. 627]; Agostini v. State of New York, 255 App. Div. 264, 267; Rollin v. Grand Store Fixture Co., Inc., 231 App. Div. 47, 50; Fine v. Clinton Realty Co., Inc., 105 Misc. 318, affd. 188 App. Div. 915; Bishop v. Hendrick, 82 Hun 323, 335, affd. on opinion below 146 N. Y. 398.) While the court is empowered at times to make additional allowances where the grant is sanctioned by statute, their imposition must be limited to such cases. (Civ. Prac. Act, §.§ 150L-1521.) ” (Miss Susan, Inc., v. Enterprise & Century Undergarment Co., 270 App. Div. 747, 750; see, also, Manko v. City of Buffalo, 271 App. Div. 286, affd. 296 N. Y. 905.)
The judgment should be modified by reducing the amount thereof to the sum of $2,000, together with interest thereon from July 2, 1945, and, as so modified, affirmed, with costs to the respondent.
Martin, P. J., Glennon, Dore and Peck, JJ., concur.
Judgment unanimously modified by reducing the amount thereof to the sum of $2,000, together with interest thereon from' July 2, 1945, and, as so modified, affirmed, with costs to the respondent. Settle order on notice.