Christ, J.
The plaintiff, a domestic corporation, seeks in this action to enjoin the defendants who are its former employees, with the exception of the defendant Bell Aire House Cleaning Service, Inc., a corporation which they formed, from engaging in and carrying on the same kind of business as the plaintiff and also from soliciting the patronage of plaintiff *s customers *296 and from using secrets or confidential data obtained from the ’ plaintiff while the individual defendants were so employed by it. In addition, the plaintiff also seeks an accounting for loss of profits to the plaintiff’s business and to recover back money paid as wages to the individual defendants covering the period in which plaintiff claims the individual defendants were planning their new business while still employed by the plaintiff.
The plaintiff corporation is the property of Howard Rossmoore and his wife Dorothy. They are the corporation’s only' stockholders and they devote their entire time to its activities. Rossmoore, a graduate industrial and licensed professional engineer, made a thorough study of house and home cleaning methods, developing a system for doing what was called during the trial a “ packaged ” job. Efficiency and time studies formed a basis for his techniques and the methods of actually doing the work as well as for the job layouts and accounting records. Before undertaking this type of business, Mr. and Mrs. Rossmoore explored test areas in Nassau County to determine the extent of the market for such a service as they contemplated offering to householders. It was only after careful preliminary work that the business was started and the plaintiff corporation organized.
The defendant Newbery was the plaintiff corporation’s first employee. Newbery and Howard Rossmoore were the first housecleaning team of the business. The business eventually prospered and expanded, making it necessary to take on additional employees. With this increasing work, Newbery moved forward to a supervisory position, in which capacity he had full access to all the records of the plaintiff’s business. At one time, while’ the Rossmoores were vacationing, Newbery was in charge of the business of the plaintiff corporation until the return of Mr. and Mrs. Rossmoore.
The defendants Colagrande and Bordini entered the employ of the plaintiff in March, 1950, starting as helpers and progressing subsequently to the status of team captains. The methods of cleaning were freely taught to each of the employees and the techniques, although adapted and developed by Howard Rossmoore, became thoroughly known to all of the employees by virtue of the performance of their duties in cleaning houses.
The names of the plaintiff’s customers were kept on individual cards, each of which shows the customer’s name and address and contained instructions by means of abbreviations and short symbols, concerning the work to be done on each floor of the home or in various portions of such home. This card *297 file was not accessible to all employees. But each day, the teams performing the honsecleaning services, were given a duplicate card with the full information about the places they were to do on that particular day. Newbery, however, had full access to the complete card file. In addition to these cards containing the names and addresses of the customers and the special instructions above mentioned, there were other cards maintained as part of the plaintiff’s records, showing the work performed, the time occupied in performance of such work and payments received for each job. In addition there were large posting boards displayed in the office on which customers’ names and some information about them were posted from time to time.
There came a time when Newbery, Colagrande and Bordini decided to start their own business. This decision was arrived at while they were still employees of the plaintiff corporation. No disclosure of the plan to set up a business of their own was made to Howard Rossmoore until about the time when the three employees were ready to separate themselves from plaintiff corporation. These three employees formed a new corporation known as Bell Aire House Cleaning Service, Inc. (hereinafter for the sake of brevity referred to as “ Bell Aire ”). After the three employees severed their connection with the plaintiff corporation, they commenced to engage in a competing business through the instrumentality of Bell Aire. In furtherance of this competitive effort, the defendants communicated with certain customers of the plaintiff and it is established that some customers which the plaintiff corporation had on its roster, came to be customers of Bell Aire. It is the contention of the plaintiff that the individual defendants and the defendant Bell Aire schemed to deprive the plaintiff of its customers by an improper use of the plaintiff’s lists of customers and the information and data concerning the techniques and methods of operation in plaintiff’s business, all of which the plaintiff claims were of a secret and confidential nature as between it and its employees. The defendants, on the other hand, contend that these customers were known not as the result of referring to the lists kept in the files of the plaintiff, but because of the personal contact had by the individual defendants with such customers in the discharge of their duties while in the plaintiff’s employ.
The principles which govern the determination of cases of this type are fairly well established. The principles which have been laid down have sought to strike a balance between two objectives each having a legitimate claim for protection by the law. It is necessary that business men and business houses *298 be protected in the property rights which they have built up through perseverance and industriousness. It is likewise true that public policy demands that competition shall not be stifled and that employees be not unreasonably prevented from capitalizing upon the experience and skills acquired as the result of having been in the service of an employer.
In general terms it may be said that in the absence of an express contract setting forth the rights of the parties upon termination of employment, the law will not say that customer lists fall in the category of trade secrets and accordingly spell out an implied contract on the part of the employee not to divulge or make use of such secrets after terminating his employment, unless it is shown that the identity of the customers was made known to the employee in strict confidence and could have been acquired in no other legitimate way. (Peerless Pattern Co. v. Pictorial Review Co., 147 App. Div. 715; Abdallah v. Crandall, 273 App. Div. 131; Kleinfeld v. Roburn Agencies, 270 App. Div. 509.) It is also well established that an employee may also be enjoined from soliciting customers of his former employer where he proceeds with the aid of a confidential written list taken from the employer. (Fleisig v. Kossoff, 85 N. Y. S. 2d 449.) Even where the information concerning customers was not of a confidential nature, the former employee may be enjoined from soliciting such customers if he has been guilty of fraud, misrepresentation or other unfair practices in his dealings with the customers. (People’s Coat, Apron & Towel Supply Co. v. Light, 171 App. Div. 671, affd. 224 N. Y. 727.)
With these principles in mind, we turn to their application to the facts of the instant case. It is clear that no express contract was ever entered into between the plaintiff corporation and any of the individual defendants by which the latter agreed not to enter into competition with the plaintiff corporation in the event they ceased to be employees. Nor does the court find any implied contract not to compete for the plaintiff’s customers arising either from the methods and techniques employed by the plaintiff in the conduct of its business, nor from the lists of its customers kept in the form of a card file.
The methods and techniques used by the plaintiff in conducting its business were not confidential or secret as would be the case with some chemical formula or secret process involved in the manufacture of a particular article. Plaintiff, like its competitor, Bell Aire, is engaged in a business which consists of rendering a service. That service consists basically and fundamentally in cleaning residences. Housecleaning and housekeep *299 ing are old and necessary chores which accompany orderly living. What the plaintiff did was to take certain standard practices in the field of housecleaning and housekeeping and apply certain improved techniques devised as the result of studies made by Bossmoore. The methods and techniques used by the plaintiff were freely revealed to all its employees without the exaction of any covenant or' agreement against their use subsequently in a competing business. Hence, it cannot be said that when the individual defendants set themselves up in a competing business to be carried on through the medium of a corporation of their creation, they were unlawfully appropriating a business secret from the plaintiff. There is no requirement in the law in the absence of express agreement that an employee who has learned a trade or calling while in the status of an apprentice or an employee, must, as a condition precedent to engaging in such work on his own, remove himself from the area in which he would be in competition with his former employer.
There is no question but what the lists of customers of the plaintiff were the sole property of the plaintiff. Its employees had no right to take such list or a copy of the same in order that they might solicit such customers of the plaintiff for themselves. The fact is in this case that there is no proof that the defendants or any of them had any duplicate, either in whole or in part, of the plaintiff’s customer lists.
Nor may it be seriously contended that the defendants needed such lists in order to contact customers of the plaintiff and seek their patronage. The individual defendants in going about upon the business of the plaintiff while employed by it, necessarily went to the homes of plaintiff’s customers repeatedly. The very nature of the services performed was such that the defendants could hardly fail to become acquainted with the customers. These contacts and acquaintances were not the result of a confidential relationship between the plaintiff and the defendants or the result of the disclosure of secret or confidential material. The knowledge which these defendants acquired was acquired in the regular course of their duties in furnishing housecleaning services in the homes of such customers. There is no proof that any of plaintiff’s customers were solicited by the defendants before they severed their connection with the plaintiff or that the individual defendants practiced any fraud or misrepresentation in soliciting the patronage of such customers. If those customers of the plaintiff desired to switch their patronage from the plaintiff to the newly formed corporation organized by the *300 individual defendants, it was their right to do so and the plaintiff, so long as unfair or fraudulent means have not been employed, cannot complain of having lost in that competitive struggle.
The defendants are entitled to judgment dismissing the complaint, without costs. The foregoing constitutes the decision required by the Civil Practice Act and judgment is to be entered accordingly.
Settle judgment on two days’ notice.