37 N.J. Super. 477 (1955)
117 A.2d 673
GENERAL ELECTRIC COMPANY, PLAINTIFF-RESPONDENT,
v.
AUTOMOBILE ASSOCIATION OF NEW JERSEY, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1955.
Decided October 28, 1955.
*478 Before Judges GOLDMANN, FREUND and CONFORD.
*479 Mr. Harry Green argued the cause for defendant-appellant.
Mr. James R.E. Ozias argued the cause for plaintiff-respondent (Messrs. McCarter, English & Studer and Mr. Robert P. Douglass, attorneys).
The opinion of the court was delivered by CONFORD, J.A.D.
Defendant appeals from the grant of a preliminary injunction by the Chancery Division against the sale by the defendant, its agents, etc. "and all persons acting under its authority and control or in active concert or participation with it" of merchandise manufactured by plaintiff and marketed in New Jersey under "fair trade agreements" at less than the minimum retail resale prices now established therefor.
The complaint was supported by convincing proof of a number of such transactions with an investigator employed by plaintiff at what is described in the supporting affidavits as "the premises of the Automobile Association of New Jersey at 240 Central Avenue, East Orange, N.J.," the names of some of the clerks in attendance being particularized, and of notice to defendant of the existence of plaintiff's "fair trade agreements" in this State. Late on the afternoon of the day preceding the return day of the motion plaintiff's attorneys were served with defendant's answer and answering affidavit. The answer was substantially a general denial. The affidavit, by the vice-president of the defendant, describing himself as "familiar with this matter," denied that the defendant sold plaintiff's affiant the appliances referred to, that the defendant sells electrical appliances at retail at the address referred to, or that the defendant sold or offered to sell such appliances at retail.
We do not have a record of the proceedings at the argument of this motion, but it is represented to us by plaintiff's counsel, and not denied, that the application for the restraint was defended on the ground that plaintiff was suing the wrong corporation  that the retail business was *480 being conducted at the address referred to by Automobile Shopper Service, a New Jersey corporation. That contention, moreover, is pursued by defendant on the appeal. At the argument of the motion plaintiff exhibited before the trial court an official publication of the defendant dated May, 1955, carrying the headline, "First AA Showroom Attracts Crowds." An inside page shows a picture of the store-front at the Central Avenue address with a sign across its width, "Automobile Association of New Jersey"; a subsign, "Shopper Service," and another, "For A.A.N.J. Members." At the bottom of that page is the bold-face heading: "AANJ `Stands Behind' All Merchandise Sold." A pamphlet distributed by the defendant, also submitted at the argument below, states: "AA of NJ Members Buy Nationally Advertised Name-Brand Merchandise `Retail' at `Wholesale' Prices." This data was set out in the appendix to plaintiff's brief on the appeal and was referred to without objection from defendant. Normally such unsworn material would be improper either at the motion or on appeal. In the particular setting here involved, however, its consideration by the court was not inconsistent with the requirements of substantial justice.
Defendant urges that its sworn denial of the allegations in the moving affidavits dictated denial of a preliminary injunction. We think not. If the charges were true injunction was the appropriate relief. Lionel Corporation v. Grayson-Robinson Stores, 15 N.J. 191 (1954). Where, on an application for preliminary injunction, the affidavits filed by the defendants do not contain explicit, circumstantial and convincing denials of the wrongful conduct complained of and upon the entire showing from both sides it appears reasonably probable that the complainant has the right claimed, the court may grant relief. Evening Times Printing & Publishing Co. v. American Newspaper Guild, 124 N.J. Eq. 71, 74 (E. & A. 1938). Looking at this matter on the basis solely of what was of record before the trial court on the return of the motion the order it made was well within its discretionary purview, under the rule stated. *481 There was not a syllable of explanation in the affidavit submitted on behalf of the defendant of the detailed inculpating circumstances manifested in the moving papers. The affidavit was neither explicit, circumstantial, nor convincing. The defense of a motion for a restraint does not under contemporary concepts present an occasion for artful maneuver, but rather, implies an invitation for a decision on the merits backed with the earnest of a full disclosure.
If the door be opened for the extrinsic unsworn data, oral and written, submitted at the motion and on the appeal, related to the defense of mistaken identity, and to consideration of that defense, defendant fares no better. In the absence of a better explanation by defendant than has been submitted thus far we can hardly repel the conclusion that the Shopper Service corporation is a wholly controlled instrumentality of defendant for the tortious conduct of which it is accountable by whatever remedy may be appropriate. R.S. 56:4-6; Restatement, Torts, §§ 875, 876, 877; Mueller v. Seaboard Commercial Corp., 5 N.J. 28, 34, 35 (1950); Irving Investment Corp. v. Gordon, 3 N.J. 217, 223 (1949); Vander May v. Schoone-Jongen, 128 N.J. Eq. 336, 338 (Ch. 1940), affirmed 130 N.J. Eq. 227 (E. & A. 1941); Keuffel & Esser v. International Association of Machinists, 93 N.J. Eq. 429, 433 (E. & A. 1922); and see Atlantic Seaboard Co. v. Borough of Seaside Park, 36 N.J. Super. 142, 154 (App. Div. 1955); 43 C.J.S., Injunctions, § 34, p. 467.
Affirmed.