■ TOWN & COUNTRY HOUSE & HOME SERVICE, INC., Appellant, v. PERCY C. NEWBERY et al., Respondents, et al., Defendants.— In an action for an injunction, for an accounting and for damages, the appeal is from a judgment dismissing the complaint after trial and from so much of an order made upon

reargument of appellant's motion to make certain proposed formal findings, for judgment in its favor, to set aside the decision of the trial court, and for a new trial, as denied the said motion in part. The motion was granted only to the extent of making some of the proposed formal findings, and was otherwise denied. Judgment reversed on the law and the facts, with costs, and judgment directed to be entered in favor of appellant, without costs. The matter is remitted to the Special Term for proceedings not inconsistent with the views herein set forth. Findings of fact inconsistent with the views herein set forth are reversed and new findings in accordance therewith are made. Appeal from order dismissed, as academic, in view of the determination made herein upon the appeal from the judgment. Appellant's business is generally that of cleaning homes in Nassau County. The services are performed in each home by two or three men in appellant's employ working together. Each set of men is referred to by the parties as a " team " or " crew ". One man in each crew, known as a " crew captain " or " crew chief ", is in charge of the work. In the spring and summer of 1952, appellant generally had seven crews working, and the three individual respondents were its most valued employees. One was supervisor of all appellant's employees; one was assistant supervisor and crew ·chief, and the third was a crew chief. During that period of time, these three respondents, without appellant's knowledge, and while in appellant's employ, agreed amongst themselves to terminate their said employment, to form a business of their own in competition with appellant, and to solicit appellant's customers for their own business. In pursuance of their plan, they formed the respondent corporation and bought the equipment and supplies for their operations. They left appellant's employ in the latter part of August of 1952. Although the undisputed evidence is that they did not solicit appellant's customers until after they had terminated their employment with appellant, it is our opinion that their agreement and encouragement to each other to carry out the course of conduct thus planned by them, and their consummation of the plan, particularly their termination of employment virtually en masse, were inimical to, and violative of, the obligations owed by them to appellant as its employees; and that therefore appellant was entitled to relief. (Cf. *Duane Jones Co.* v. *Burke,* 306 N. Y. 172.) All questions of the nature and extent of the judgment of injunction, and of accounting and damages, should be determined by the Special Term. Wenzel, Schmidt and Murphy, JJ., concur; Nolan, P. J., and Ughetta, J., dissent and vote to affirm on the opinion rendered at Special Term by Mr. Justice CHRIST (1 Misc 2d 294). [See *post,* pp. 834, 846.]