Mario Pittoni, J.
The plaintiff sues to enjoin the defendants, one of whom is his former employee, from soliciting certain persons whom the defendant claims are his customers.
The testimony establishes that sometime in 1948 the plaintiff went into the jewelry delivery business. The services that he rendered to retail jewelers were those of a messenger carrying jewelry of their customers to designated supply houses and central repair shops in New York City then returning the jewelry to the retail jewelers when the work was done. The services also included picking up jewelry from certain supply and wholesale houses in New York City for delivery to the retail jewelers in Long Island. To build up this business the plaintiff and his wife made numerous telephone calls and personal visits to many Long Island retail jewelers. The names of the prospects were obtained primarily from the pages of the telephone “ Yellow Pages — Red Book,” sometimes called the Classified Directory. Some names were also obtained from a Jewelers’ Board of Trade Directory.
In 1951 the plaintiff orally employed the defendant Schweitzer to solicit customers and to participate in the delivery and pickup business. There was no restrictive covenant as to the defendant’s conduct after the employment ended. At any rate there was a dispute during the last week of December, 1952, and on January 2, 1953 the plaintiff discharged the defendant Schweitzer. The defendant Schweitzer immediately began to solicit the plaintiff’s old customers with whom he had come in contact as plaintiff’s employee and he then got a number of them for his own. Shortly thereafter, toward the end of January, 1953, the defendant Schweitzer formed a partnership with the defendant Schorr to conduct this new business and they then operated in competition with the plaintiff until August, 1954 when the parties herein entered into a working arrangement that lasted until September, 1955.
All parties agree in their briefs that this August, 1954 working arrangement was just that, and not a partnership, and that what they did for their mutual assistance and convenience during that period has no bearing on the issues of this case.
The general rule is that absent a breach of an expressed contract or of a fiduciary duty, or absent any fraud, an employee who has left his employment will not be restrained from competing with his former employer, and where there is no written contract forbidding competition a former employee may use lists of customers made up from his memory. In other words, the employer generally has no vested right to his customers. Be that as it may, the decision in this case depends upon the *705 principles expounded in Town & Country Service v. Newbery (3 N Y 2d 554, 558-559), where the court said: “ The only-trade secret which could be .involved in this business is plaintiff’s list of customers. Concerning that, even where a solicitor of business does not operate fraudulently under the banner of his former employer, he still may not solicit the latter’s customers who are not openly engaged in business in advertised locations or whose availibility as patrons cannot readily be ascertained but whose trade and patronage have been secured by years of business effort and advertising, and the expenditure of time and money, constituting a part of the good-will of a business which enterprise and foresight have built up.’ * * * Kleinfeld v. Roburn Agencies (270 App. Div. 509, 511), * * * said: ‘ A distinction is made in the cases between a former employee soliciting customers of his former employer who are openly engaged in business in advertised locations and his soliciting unadvertised customers who became known to the employee only because of information obtained during his employment. (People’s Coat, Apron & Towel Supply Co. v. Light, 171 App. Div. 671, affd. 224 N. Y. 727; Scott & Co., Inc. v. Scott, 186 App. Div. 518.) ’ ”
It is difficult to hold that the plaintiff’s customers were persons ‘ ‘ not openly engaged in business in advertised locations or whose availability as patrons cannot readily be ascertained.” In other words, it cannot be said that the defendants solicited unadvertised customers who became known to the employee only because of information obtained during his employment. The opposite is true; the defendant Schweitzer solicited ‘ customers of his former employer who are openly engaged in business in advertised locations.” In fact, it is clear to this court that all the stores solicited and served by the plaintiff and defendant Schweitzer prior to January 2,1953 were at advertised locations on public streets. Many advertised in newspapers. A number had large signs indicating that they were jewelers. Most were listed in the Classified Directory. Others were listed in the Jewelers’ Board of Trade Directory. Many were listed in both directories.
The plaintiff argues that the services he rendered were unique. But the operation was a simple one. It did not involve any trade secrets and he himself admitted that there were many others in the same type of business. The fact that these others operated in a different area did not make the plaintiff’s business unique.
In short, although the defendant Schweitzer got most of his customers from his acquaintance and contact with the plaintiff’s *706 customers, they were and could be ‘ ‘ obtained merely by looking up their names in the telephone or city directory or by going to any advertised locations ” (Town & Country Service v. Newbery, 3 N Y 2d 554, 559, supra). The plaintiff has failed to sustain his burden of proof. The complaint is dismissed. This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Settle judgment on notice.