■ HECHT FOODS, INC., Appellant, v. MURRAY SHERMAN, Doing Business as L & M COFFEE SERVICE, Respondent.—In an action for injunctive relief, an accounting and money damages, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County, entered February 5, 1971, as, after a nonjury trial, dismissed the complaint and awarded defendant costs and disbursements. Judgment reversed, on the law and the facts, with costs, and judgment granted in favor of plaintiff to the extent of (1) enjoining defendant from directly or indirectly soliciting or giving service to customers of plaintiff who were such customers during the period of defendant's employment with plaintiff and (2) directing an accounting with respect to all income earned or loss of profits as the result of services rendered to such customers by defendant. Plaintiff purchased the customer accounts and the coffee servicing business operated by Dellwood Dairy Co., Inc. in the metropolitan area of New York City. It paid about $38,000 for approximately 250 accounts. Defendant was a sales manager employed by Dellwood. His duties consisted of soliciting new accounts and servicing the customers. Upon plaintiff's purchase of the business, defendant entered into plaintiff's employ and remained with it for about three weeks. A short time thereafter defendant began soliciting the customers for his own account. He admitted servicing about 25 of the customers. This action followed. Special Term dismissed the complaint, finding that the absence of a restrictive covenant against defendant permitted him to compete with plaintiff and that the customer list purchased by plaintiff did not fall within the class of confidential material protected from interference by a former employee. We disagree. The general principle which must be applied is clearly stated in Leo Silfen, Inc. v. Cream (29 N Y 2d 387, 392–393): "Conversely, where the customers are not known in the trade or are discoverable only by extraordinary efforts courts have not hesitated to protect customer lists and files as trade secrets. This is especially so where the customers' patronage had been secured by years of effort and advertising effected by the expenditure of substantial time and money." Two issues are before us. The first relates to the character of the customer list purchased by plaintiff. A coffee servicing business, as the proof showed, is not focused toward one particular segment of industry; rather, its potential customers are those employing a number of persons for whom coffee machines are made available during business hours at coffee breaks. No telephone or other directories will suffice to disclose the source of these customers; only by personal solicitation or advertising can the needs of such customers be ascertained. Hence, the list of customers becomes a valuable asset of the business, since it has been established through dint of considerable effort and expense over a period of time. These attributes of the list in this case make clear to us that it is the kind of list protected as a trade secret (cf. Town & Country House & Home Serv. v. Newbery, 3 N Y 2d 554, 558–559; Cupid Diaper Serv. v. Adelman, 27 Misc 2d 1095, 1096). It is not the kind of customer account that can be likened

to a milk route, for example (cf. *Abdallah* v. *Crandall*, 273 App. Div. 131), or a bottled gas business (cf. *Hudson Val. Propane Corp.* v. *Byrne*, 24 A D 2d 908), but closely resembles customer accounts "not openly engaged in business in advertised locations or whose availability as patrons cannot readily be ascertained" (*Town & Country House & Home Serv.* v. *Newbery*, 3 N Y 2d 554, 558, *supra*; cf. *McLean* v. *Hubbard*, 24 Misc 2d 92, 97, affd. 11 A D 2d 1084). The second issue concerns defendant's relationship to plaintiff. It is, of course, not essential that the defendant be bound by a written agreement restraining the freedom to compete; as we have seen, it is enough if the defendant was an employee having access to the list. Nor is the rule of protection less applicable because the defendant might have committed the list to memory (*People's Coat, Apron & Towel Supply Co.* v. *Light*, 171 App. Div. 671, affd. 224 N. Y. 727). Indeed, the need for protection appears even more compelling when, as in this case, the defendant was the employee servicing the customers and had built a personal relation with them, upon which the plaintiff had relied in expending a substantial sum for the purchase of the business. We view in the same light the circumstance that defendant was employed by plaintiff for only a short time. The relationship of defendant to the business had been established, however, with plaintiff's predecessor; and the comparative brevity of service with plaintiff should not bar relief. There was a dispute in the evidence whether defendant voluntarily left plaintiff's employ or, having failed to obtain a written contract, as defendant claimed he was promised, was discharged by plaintiff. Special Term made no finding of fact on this score; we find that the evidence preponderates in favor of plaintiff's version that defendant left voluntarily. Hopkins, Acting P. J., Latham and Munder, JJ., concur; Martuscello, J., dissents and votes to affirm with the following memorandum: I agree with the views expressed in the decision of the court at Special Term and believe that the rule to be applied was adequately stated in *Leo Silfen, Inc.* v. *Cream* (29 N Y 2d 387, 392) as follows: "Generally, where the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, trade secret protection will not attach and courts will not enjoin the employee from soliciting his employer's customers". The coffee service business in which the parties were engaged involves the supplying of coffee machines and related products to the customers. Any business concern is a prospective customer and defendant could have solicited clients in any commercial or office building or retail or service store. The customers which defendant solicited included retail stores, commercial businesses and gasoline stations. All were doing business at publicly advertised locations, were listed in the telephone directory and should not be deemed confidential (*Abdallah* v. *Crandall*, 273 App. Div. 131; *Boosing* v. *Dorman*, 148 App. Div. 824, affd. 210 N. Y. 529; cf. *Town & Country House & Home Serv.* v. *Newbery*, 3 N Y 2d 554). Furthermore, defendant was not prevented from competing by a written contract with plaintiff or its predecessors as was the defendant in *Leo Silfen, Inc.* v. *Cream* (*supra*). Absent such a restrictive covenant, an employee will not be prevented from competing with a former employer where the customer list is not confidential matter (*Abdallah* v. *Crandall*, *supra*; cf. *People's Coat, Apron & Towel Supply Co.* v. *Light*, 171 App. Div. 671, affd. 224 N. Y. 727).