OPINION OF THE COURT
Shanley N. Egeth, J.
Plaintiff, a coffee service company, has initiated this action to procure injunctive relief and incidental damages against two former employees and their current employer, claiming that they are engaged in unfair competition through use of its customer and price lists.
The defendants have moved for summary judgment.
*719 FACTS
It appears that plaintiff and the defendant Central Convenience Items, Inc. (Central) are among the 15-20 larger coffee service firms which provide coffee, coffee machines, paper goods and snack and other items to customers in offices and businesses in this city. The defendant Eigenfeld is a former $300 per week commission salesman, who quit his employment with plaintiff in 1978 and then went to work for Central. He was in the business prior to his employment with plaintiff. The defendant Pollack was a $290 per week telephone order taker, who after being fired by plaintiff, gained employment at Central, where she does the same kind of work, and also engages in some telephone order solicitation.
Neither employee defendant ever executed any restrictive covenant for plaintiff, nor- were they requested to do so. Neither copied any list of customers or prices from plaintiff’s files for use by Central. The defendant Eigenfeld did maintain his own notebook containing the names of customers solicited and serviced by him. He began keeping this type of record in his prior employment, continued to do so during his employment with plaintiff and still maintains the notebook. Most of his customers were procured by a cold canvass of. thousands of offices and businesses whose names were obtained from telephone directories, office directories, published lists of businesses and relocations, and similar sources. Apparently Eigenfeld procured and serviced a very small portion of plaintiff’s total of more than 6,000 customers. He concedes that he now functions in the identical manner in his present employment; that he has canvassed and gained some of his former customers in his new employment; and that on some occasions he has used his notebook, including pricing information contained therein, to procure customers. He asserts that he had no such information as to other customers of plaintiff who were not his own accounts.
ISSUE
The issue raised by this motion is whether the names of the customers serviced by these defendants and the prices *720 charged to them are trade secrets which justify judicial protection.
DECISION
Under the undisputed facts revealed on this motion this court believes they are not.
LAW AND DISCUSSION
In the absence of a restrictive covenant (none exists here), a former employee is free to compete with his former employer or enter a new employment with a competitor and solicit the former employer’s accounts, unless in so doing there is a revelation of a trade secret or confidential material unique to the employment or unless other equitable impediments exist. (Leo Silfen, Inc. v Cream, 29 NY2d 387.) The standard for trade secret protection of customer lists was enunciated by our Court of Appeals in the Leo Silfen case, in the following language: “Generally, where the customers are readily ascertainable outside the employer’s business as prospective users or consumers of the employer’s services or products, trade secret protection will not attach and courts will not enjoin the employee from soliciting his employer’s customers * * * Conversely, where the customers are not known in the trade or are discoverable only by extraordinary efforts courts have not hesitated to protect customer lists and files as trade secrets. This is especially so where the customers’ patronage had been secured by years of effort and advertising effected by the expenditure of substantial time and money.” (29 NY2d, at pp 392-393.) In Silfen, the court held that despite the “employer’s investment of time and money in accumulating a list of approximately 15,000 customers” the list was not protectible in that they were “openly engaged in business in advertised locations and their names and addresses may readily be found by those engaged in the trade” (29 NY2d, at p 393). Under such circumstances the court would not enjoin the ex-employee from engaging in fair and open competition of thwart an ability to earn a livelihood (29 NY2d, at p 395).
In the instant case the basic facts are essentially un *721 disputed. Plaintiff has not raised any triable facts which would indicate some entitlement to the relief sought. Neither of the individual defendant employees reproduced a full list of plaintiff’s 6,000-plus customers, or has been shown to have used or been able to have used the complete customer list. Neither one, while still in plaintiff’s employ, has been shown to have performed an improper act, or to have conspired to injure or destroy or divert the employer’s entire business or a substantial portion thereof (cf. Town & Country House & Home Serv. v Newberry, 3 NY2d 554; Jones Co. v Burke, 306 NY 172). The customers’ names utilized by Eigenfeld in his new employment were culled from the few hundreds of plaintiff’s many thousands, which he originally solicited, formerly serviced, and thereafter recorded in his notebook. Almost all were procured by his own cold canvass of business locations and lists. There is no assertion by plaintiff that they were the product of any long standing effort on its part, or significant advertising campaign or substantial monetary expenditure. It appears clear that the normal compensatory draw and commission paid to the salesman constituted plaintiff’s sole contribution to gaining the accounts. In this respect this salesman defendant appears to be no different than any other salesman in numerous competitive industries where commission salesmen, as quasi-independent operators, move from employer to employer, and solicit business from customer lists, open locations and sources developed through their efforts and personality. To bar such a salesman from selling to such former customers in a new employment (where no clear equitable or contractual impediment exists) would severely impede or utterly destroy the ability of the employee to earn a livelihood. Parenthetically, the attempt to enjoin the telephone order taker from doing her new job, because she may have remembered some of plaintiff’s 6,000-plus customer names (although no contention is made that she ever copied a customer list) is an even more oppressive and ludicrous infringement of a former employee’s right to work and earn a living.
The decision of the Appellate Division, Second Department, in Hecht Foods v Sherman (43 AD2d 850) in no way alters the conclusion of this court. Although that case also *722 involved a coffee service business, this court does not construe it to broadly hold that all customer lists in that business are entitled to trade secret protection. There is sufficient indication in the opinion that compelling readily distinguishable facts existed which may warrant a different result than is appropriate at bar.
In Hecht the employee was the general sales manager who solicited some, but serviced all, of the employer’s 250 total customers, not an independent salesman, who by his own efforts procured a few hundred of plaintiff’s 6,000-plus customers. Upon leaving, the Hecht employee had available the entire customer list of the business, which appeared to have been developed over a lengthy period of time by the efforts of others and after expenditure of considerable employer expense. The list of customers at bar, a small fraction of the total business, was developed by the employee at minimal employer expense. (Cf. Town & Country House & Home Serv. v Newberry, 3 NY2d, at pp 559-560, supra.) In Hecht, the employee left suddenly within three weeks after the employer had expended $38,000 to purchase the good will of the business, which was, in essence, only the customer list used by the employee. This sudden attempt by the former employee to divert the entire recently purchased business of the employer to his own account, without any compensation, constituted conduct akin to that equitably proscribed in Jones Co. (supra). At bar no such equitable considerations exist in favor of this employer now seeking to impede the efforts of the former employee to effectively earn a livelihood.
The actual facts in Hecht may well have justified the act of its divided majority in granting customer list protection as a trade secret. The decision cannot be appropriately construed to render Silfen protection to every coffee service business.
No triable issue has been raised by plaintiff in this case. All of the material factual allegations are undisputed. The significance of such facts must therefore be resolved as a matter of law. Where no triable issue of fact has been raised in opposition to a motion for summary judgment, the relief should be granted (Freedman v Chemical Constr. Corp., 43 NY2d 260; Shaw v Time-Life Records, 38 NY2d *723 201; Andre v Pomeroy, 35 NY2d 361; Indig v Finkelstein, 23 NY2d 728; DiSabato v Soffes, 9 AD2d 297).
JUDGMENT
Accordingly, the defendants are entitled to judgment dismissing the complaint herein with costs and disbursements.